Ryan P. Madden, F-62530
Name and Prisoner/Booking Number

CSP-Los Angeles County
Place of Confinement

P.O. BOX 4610
Mailing Address

Lancaster, CA 93539
City, State, Zip Code

FILED

FEB 22 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN P. MADDEN
(Full Name of Plaintiff)
         Plaintiff,

    v.

(1) DENNIS G. HICKS
(Full Name of Defendant)
(2) EDWARD SILVA
(3) _____
(4) _____
         Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 1:18 CV 00255 SKO PC
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: California State Prison-Corcoran

Revised 3/15/2016

1

## B. DEFENDANTS

1. Name of first Defendant: __Dennis G. Hicks__. The first Defendant is employed as: __Correctional Officer__ at __CSP-Corcoran__.
   (Position and Title) (Institution)

2. Name of second Defendant: __Edward Silve__. The second Defendant is employed as: __Correctional Lieutenant__ at __CSP-Corcoran__.
   (Position and Title) (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title) (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☒ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: <u>See Page 6 of prepared typed complaint.</u>

2. **Claim I.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☒ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   <u>See Pages 3-6 of prepared typed complaint.</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   <u>See Pages 3-7 of prepared typed complaint.</u>

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: <u>See Page 7 of prepared typed complaint.</u>

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: <u>assault and battery.</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   <u>See Pages 3-7 of prepared typed complaint.</u>

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   <u>See Pages 3-7 of prepared typed compaint.</u>

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Claim II?    ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?    ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: See Page 8 of prepared typed complaint.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☒ Other: Interference with rights.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
   See Pages 3-8 of prepared typed complaint.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   See Pages 3-8 of prepared typed complaint.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:
See Page 10 of prepared typed complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 23, 2017
DATE

SIGNATURE OF PLAINTIFF

Jared M. Villery, V-88097
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

```
Ryan P. Madden
F-62530
CSP-Los Angeles County
P.O. BOX 4610
Lancaster, CA  93539

Plaintiff in Pro se
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN P. MADDEN,<br><br>            Plaintiff,<br><br>     v.<br><br>DENNIS G. HICKS, Correctional Officer; EDWARD SILVA, Correctional Lieutenant,<br><br>            Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Ryan P. Madden ("Madden") comes now with this complaint seeking relief as authorized under 42 U.S.C. §1983, California Code of Civil Procedure ("CCP") §335.1, and California Civil Code ("CC") §52.1. Madden seeks monetary damages against two employees of the California Department of Corrections and Rehabilitation ("CDCR"). Madden brings this action in response to the use of unnecessary and excessive force against him, the infliction of an assault and battery upon him, the interference with his rights under both the California and United States Constitutions, and to retaliation against him.

2. The events which give rise to this action resulted in Madden being physically slammed into the ground, having his face ground into the concrete, having arm and leg restraints damage his wrists and ankles, having internal damage done to his left shoulder socket from the cruel wrenching of his arms, and being threatened with false disciplinary charges and administrative segregation ("AD SEG") placement if he reported being abused. These injuries occurred during an unprovoked attack upon Madden, that was done for the sole purpose of subjecting him to pain and suffering.

3. As a result of defendants' actions, both individually and collectively, Madden suffered multiple, serious injuries which have led to significant, ongoing, chronic pain. Further, Madden now suffers from recurrent nightmares, extreme anxiety and paranoia, and unmitigated fear whenever he is in the presence of corrections officers, out of the belief that he will be attacked.

4. At issue in this action are Madden's constitutionally protected rights to be free from cruel and unusual punishment, assault and battery, retaliation, and the interference with his state and federal constitutional rights.

///

///

1

## I. Jurisdiction

5. This action is brought pursuant to 42 U.S.C. §1983, CCP §335.1, and CC §52.1. Therefore, jurisdiction and supplemental jurisdiction are proper under 28 U.S.C. §§1331 and 1343.

## II. Venue

6. The event which gives rise to the claims contained in the instant Complaint arose in Corcoran, California, within the County of Kings. As such, venue is proper under 28 U.S.C. §1391(b)(2).

## III. Parties

7. Plaintiff Ryan P. Madden is a 31 year old resident of the state of California, currently incarcerated by the CDCR at California State Prison-Los Angeles County ("LAC") in Lancaster, California. However, at all relevant times mentioned in this Complaint, Madden was a prisoner at California State Prison-Corcoran ("COR") in Corcoran, California.

8. Defendant Dennis G. Hicks ("Hicks") is a correctional officer employed by the CDCR at COR, who was, at all relevant times mentioned herein, responsible for ensuring the health, safety, and general well-being of all inmates on Facility 3B at COR.

9. Defendant Edward Silva ("Silva") is a correctional lieutenant employed by the CDCR at COR, who was, at all times mentioned herein, responsible for supervising Hicks, and for ensuring the health, safety, and general well-being of all inmates on Facility 3B at COR.

10. At all times mentioned herein, each defendant was acting under color of state law.

11. At all times mentioned herein, each defendant was acting in their individual capacity, while in the scope and course of their employment with the CDCR. Both defendants are therefore sued for damages in their individual capacities for the claims set forth herein.

## IV. Facts

12. On December 1, 2016, at approximately 8:00 pm, Madden responded to the facility clinic window to receive his evening medication. Upon his arrival, he requested his meds from the administering medical technician's assistant ("MTA"). The MTA briefly scanned the medication drawer contents, then she stated that Madden's medication was not there. Madden has been receiving his medication at that time since arriving to COR, so he knew his meds were there. Because the MTA was not a regular on the facility, and wasn't familiar with his medication schedule, Madden tried to explain to her that his meds have gotten mixed up in the past, and he asked her to please double check the drawer because he can't sleep without them.

13. Instead of responding in a civil manner, the MTA rudely cut him off and stated, "so you're getting smart with me, telling me how to do my job?" Madden attempted to convey that he was doing no such thing, and that he simply needed his meds, but before he could finish she yelled "you're done". She then told defendant Dennis Hicks to get Madden out of there.

14. Madden took a step away from the window, and at that point Hicks violently jerked Madden out of the clinic by his arm. Hicks stated that he would be denied his meds that night, so Madden requested to speak with the sergeant to resolve the situation. In response, Hicks suddenly advanced upon Madden in a hostile manner and yelled in his face, "you want to see the sergeant? Cuff up then." Madden immediately complied with this order by turning around and placing his hands behind his back.

15. As Hicks placed the handcuffs on Madden's wrists, he closed them so tightly that they cut into his flesh and restricted circulation to his hands. Madden gasped at the sudden pain and asked Hicks to please loosen the restraints; however, Hicks instead wrenched Madden's bound arms upward until they were in the air higher than his head, and his torso was nearly parallel

3

to the ground. This wrenching caused incredible pain and injury to Madden's previously injured left shoulder.

16. After lifting Madden's arms to the point that he was standing on his toes, with a firm grip on Madden's left shoulder and bound wrists, Hicks slammed him into the ground face first. Hicks then rammed his knee into Madden's head, pressing all of his weight, and forcing Madden's face to be savagely ground into the concrete. In response to the severe pain and profuse bleeding that this caused, Madden begged Hicks to stop hurting him, but Hicks repeatedly told him to "shut up bitch". He then growled, "you wanted to see the sergeant, you're gonna see him now."

17. While Madden remained on the ground with Hicks' knee on his head, Hicks activated his personal alarm, and multiple staff members responded, including C/O R. Billings. Shortly thereafter, another staff member arrived wiht leg restraints, and Billings held Madden down while Hicks secured the new restraints. Once again, Hicks tightened the shackles to the point that they dug into the skin of his ankles, causing him to rapidly lose most of the sensation in his feet.

18. Once the leg restraints were in place, Billings and Hicks lifted Madden to his feet. Hicks violently forced Madden's arms up behind him for the second time, until they were roughly six feet off of the ground and well above his head. It was at this time that Madden felt something tearing in his left shoulder. Hicks proceeded to propel him forward toward the facility program office at a near running pace. Due to the nature of the leg restraints, this forced march at such high speed caused the shackles to rip up the skin of Madden's ankles. After arriving in the program office, Hicks placed Madden in a holding cage, where he remained in full restraints for approximately one to two hours.

///

19. Eventually, Madden was examined by medical staff and taken out of restraints; however, the nurse refused to properly document the majority of his injuries. Following this exam, defendants Silva and Hicks came to speak with Madden. Silva issued the following ultimatum, "Ok, you can either call this squashed, go back to your cell, and this is all over without you pushing any claims that staff assaulted you. Or, I can write you up for battery on a peace officer, send you to the hole, and we can hash all of this out in hearings and appeals."

20. Terrified of having false allegations, and potentially criminal charges, filed against him, Madden agreed not to file any inmate appeals or complaints against staff, and he was then allowed to return to his cell. However, sometime over the following two or three days, two inmates who had witnessed Hicks beat Madden reported the incident. Further, on the Monday following the beating, Madden attended an appointment with his mental health caseworker. When his clinician saw the extent of his injuries, he inquired into their cause, and Madden reported what Hicks had done. The clinician subsequently reported the incident, and that same day a videotaped interview was conducted with Madden in which his injuries were recorded. As Silva had threatened, due to reporting the beating, Madden was placed in AD SEG immediately after he was interviewed, where he remained for nearly a week.

21. Upon information and belief, Hicks later copied a report that he had previously written on August 26, 2016, for a different incident, and substituted in Madden's name for that of the inmate in the different incident. Hicks presented this report as a representation of what allegedly occurred with Madden on December 1, 2016. In addition, after Madden was released from AD SEG, Hicks distributed a falsified document to various gang members on the facility which made it appear as though Madden was a child molester. Upon information and belief, Hicks did this in an effort to have Madden attacked by

5

other inmates for reporting Hicks' actions. This led to multiple threats on Madden's life, leaving him in constant fear for weeks, until he was moved to a different facility. To this day, Madden continues to suffer severe emotional and psychological distress as a result of Hicks' and Silva's actions, as well as pain in his left shoulder, face, wrists and ankles.

## V. Claims for Relief

### CLAIM ONE
THE UNPROVOKED AND UNJUSTIFIED USE OF FORCE, CAUSING SEVERE INJURY AND MENTAL ANGUISH, DONE SOLELY FOR THE MALICIOUS AND SADISTIC PURPOSE OF CAUSING INJURY, VIOLATED MADDEN'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF UNNECESSARY AND EXCESSIVE FORCE

22. Madden realleges and incorporates by reference paragraphs 1-21.

23. As a result of requesting his prescribed medications, and then seeking the assistance of a sergeant when he was denied those medications, Madden was savagely beaten and tortured by Hicks, through the use of restraints for over an hour. During the encounter Madden fully complied with all orders that were given to him, he never resisted any directions or actions of staff, and he never even remotely presented any form of a threat to staff or inmates. Despite this, he was subjected to the use of physical force that was both unnecessary and excessive, resulting in facial, wrist, and ankle lacerations and abrasions, as well as damage to the rotator cuff of his left shoulder. Restraints were used against him for over an hour, as they cut the flesh of his wrists and ankles. This incident has left Madden with chronic emotional damage.

24. Given Madden's docility and compliance with all orders, Hicks' actions could only have been carried out for the malicious and sadistic purpose of subjecting Madden to as much pain and suffering as possible. No behavior on Madden's part could in any way lead Hicks to believe, in good faith, that his

actions were justified, as Madden was already in restraints and complying with all orders when Hicks initiated the beating.

25. Prisoners have a constitutional right to be treated humanely, and to be free from the use of force that isn't necessary to maintain or restore order or discipline within the prison environment. This right is ensured by the Eighth Amendment's prohibition against cruel and unusual punishment.

26. By repeatedly beating Madden, and torturing him with restraints, solely in a sadistic manner for the purpose of causing pain and injury, Hicks engaged in the use of both unnecessary and excessive force against Madden, in violation of his eighth amendment right to be free from cruel and unusual punishment.

**CLAIM TWO**
IN BEATING AND INJURING MADDEN, HICKS COMMITTED BOTH
ASSAULT AND BATTERY, IN VIOLATION OF MADDEN'S RIGHTS
UNDER CALIFORNIA CODE OF CIVIL PROCEDURE §335.1

27. Madden realleges and incorporates by reference paragraphs 1-26.

28. Through his actions of beating and injuring Madden without cause, Hicks' actions constitute both assault and battery.

29. Citizens of the state of California have the right to be free from being subjected to any form of unjustified assault or battery. When such an event takes place, a person may bring a civil action against the perpetrator of such violence within two years of any violation under CCP §335.1.

30. By beating Madden, Hicks violated Madden's rights under CCP §335.1, by committing both assault and battery upon Madden's person.

///

///

///

///

7

**CLAIM THREE**
**HICKS' ACTIONS IN BEATING MADDEN, AND ATTEMPTING TO HAVE OTHER INMATES ATTACK MADDEN, INTERFERED WITH MADDEN'S ABILITY TO EXERCISE HIS RIGHTS AS SECURED BY THE UNITED STATES AND CALIFORNIA CONSTITUTIONS, IN VIOLATION OF MADDEN'S RIGHTS UNDER CALIFORNIA CIVIL CODE §52.1**

31. Madden realleges and incorporates by reference paragraphs 1-30.

32. Through his actions of beating Madden, Hicks interfered with Madden's Eighth Amendment right not to be subjected to unnecessary and excessive force, by means of coercion in the form of violence. Further, by trying to convince other inmates to attack Madden by falsifying documents to portray him as a child molester, and distributing this document to other prisoners, in retaliation for Madden's actions of reporting Hicks' misconduct, Hicks interfered with Madden's First Amendment right to grieve misconduct committed by prison staff, and to be free from retaliation for doing so. This was carried out through threats and intimidation.

33. Citizens of the state of California have the right to exercise those rights which are secured by the constitutions of the United States and the State of California. Such citizens may bring a civil action for damages against any individual, who interferes with the exercise of these rights by means of threats, intimidation, or coercion, pursuant to CC §52.1.

34. By beating Madden, and seeking to have other inmates also beat him, Hicks used threats, intimidation, and coercion to interfere with Madden's exercise of his constitutional rights, in violation of Madden's rights under CC §52.1.

///
///
///
///

**CLAIM FOUR**
MADDEN'S FIRST AMENDMENT RIGHT TO REDRESS GRIEVANCES
WAS VIOLATED WHEN DEFENDANT SILVA THREATENED HIM WITH
FALSE DISCIPLINARY CHARGES AND AD SEG PLACEMENT

35. Madden realleges and incorporates by reference paragraphs 1-34.

36. After suffering such horrendous physical abuse, instead of assisting Madden, Silva threatened to pursue fabricated disciplinary charges against him, and to place him in AD SEG, if Madden chose to report what Hicks had done to him. This led Madden to refrain from immediately pursuing a complaint against Hicks.

37. Prisoners have a right to file administrative grievances to redress misconduct committed by prison staff, whenever the prison system in which they are incarcerated provides a process through which to file such grievances. They are also entitled to be free from any form of retaliation for exercising this right. This right is guaranteed under the First Amendment to the Constitution.

38. By threatening Madden with false disciplinary charges and AD SEG placement, if he were to file a complaint against Hicks, Silva retaliated against Madden in violation of his rights under the First Amendment.

39. In acting as described in Claims ONE through FOUR, defendants, both individually and collectively, have acted despicably, knowingly, willfully, evilly, and maliciously, or with reckless or callous disregard for Madden's federally and state protected rights, thereby entitling Madden to an award of compensatory and punitive damages against defendants, in order to deter further similar conduct by these defendants, or their agents, in the future.

40. Madden has no other plain, speedy, or adequate remedy at law to obtain the relief sought.

///

///

### VI. Exhaustion of Administrative Remedies

41. Madden has exhausted all administrative remedies through the pursuit of grievances via the CDCR's inmate appeals process through all levels of available review. Further, with respect to his state law claims, Madden has also pursued to completion a timely Government Claim with the State of California's Government Claims Program.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ryan P. Madden respectfully prays that this Court enter judgment granting:

1. Compensatory damages of $150,000 against defendants;

2. Punative damages of $300,000 against defendants;

3. Appointment of counsel;

4. Reasonable attorney's fees pursuant to 42 U.S.C. §1988, in the event that counsel in appointed;

5. Costs of suit; and

6. Any further relief the Court deems appropriate in the interest of justice.

### DEMAND FOR JURY TRIAL

Plaintiff Ryan P. Madden hereby demands a trial by jury.

DATED:                                    Respectfully submitted,

                                          /s/ Ryan P. Madden  12/23/17
                                          Ryan P. Madden
                                          Plaintiff in Pro se

**VERIFICATION**

I, Ryan P. Madden state:

I am the plaintiff in this action. I have read the foregoing Complaint for Damages; Demand for Jury Trial, and the facts stated therein are true of my own knowledge, except as to matters that are therein stated on my own information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 23rd day of December, 2017, at Lancaster, California.

Ryan P. Madden
Plaintiff in Pro se

11

Court Clerk
U.S. District Court - Eastern District
2500 Tulare Street  1501
Fresno, Ca.   93721


Ryan Matten, CDCR # G-62530
CSP-Lancaster
P.O. Box  4610
C-5-232


**FILING OF 42 U.S.C. 1983 & And Informa Pauperis   -   Cover Letter**

Dear Court Clerk,

  My complaint is being electronically filed here at the prison through the CSP-Lancaster Law Library.   I am also sending and asking that my Informa Pauperis Motion be filed at the same time.

  I am also forwarding under seperate cover a "Certified Trust Account Statement" showing my account balance over the last 6 month period for the courts consideration.

  Please file my complaint, thank you.

  Sincerely & Respectfully

  Ryan Madden
  Plaintiff In Propria Persona

February 6, 2018

Dear Court Clerk,

    Please find enclosed my Civil Rights Complaint pursuant to 42 U.S.C. 1983. Informa Pauperis, and Certified Trust Statement.

### ELECTRONIC FILING
#### Exemption

    I tried to Electronically file my enclosed complaint, however, CSP-Lancaster in NOT in your Judicial District and they would NOT Electronically file it in the Eastern District who HAS Jurisdiction.

    Therefore I am asking you to file my complaint mannually, and or ORDER CSP-Lancaster to Electronically File it. Thank you for your time and attention to this important matter.

Sincerely & Respectfully

*Ryan Madden* (signature)
Ryan Madden

RECEIVED
FEB 22 2018
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK