# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN P. MADDEN,<br><br>   Plaintiff,<br><br>   v.<br><br>HICKS, *et al.*,<br><br>   Defendants. | Case No. 1:18-cv-00255-DAD-BAM (PC)<br><br>ORDER GRANTING IN PART MOTION FOR SUBSTITUTION OF PARTY AND RE-SERVICE OF DOCUMENTS<br><br>(ECF No. 21)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE JANUARY 22, 2019 SCREENING ORDER ON SUCCESSORS-IN-INTEREST |

Plaintiff Ryan P. Madden ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed February 22, 2018, against Defendant Hicks for excessive force and assault and battery claims, and against Defendants Silva and Hicks for California Bane Act and retaliation claims.

## I.  Background

On January 22, 2019, the Court issued an order authorizing service of Plaintiff's complaint and forwarding service documents to Plaintiff for completion and return within thirty days. (ECF No. 15.) Following Plaintiff's failure to comply, on March 7, 2019, the Court issued an order for Plaintiff to submit completed service documents or show cause why this action should not be dismissed for failure to prosecute. (ECF No. 16.)

1

On March 26, 2019, Plaintiff filed a motion seeking re-service of the Court's service order and an extension of time to file completed service documents. (ECF No. 17.) On March 27, 2019, the Court granted the order and re-served the requested documents. (ECF No. 18.) Following the filing of Plaintiff's notice of change of address on March 29, 2019, the documents and order were re-served again. (ECF No. 19.)

On April 22, 2019, a notice of death of party was filed by Michael Madden and Kathy Madden ("Maddens"), who identified themselves as successors in interest of Plaintiff. (ECF No. 20.) The Maddens notified the Court that Plaintiff passed away on March 31, 2019, while incarcerated at California State Prison – Los Angeles County. (Id.)

Together with the Notice of Death of Party, the Maddens filed the instant motion for substitution of party and re-service of documents necessary to effect service on the defendants. (ECF No. 21.) In their motion, the Maddens assert that Plaintiff had no children and was unmarried, therefore, as his parents they qualify as Plaintiff's successors in interest under California law, and are entitled to continue prosecuting the claims raised in this action by Plaintiff. To the motion, the Maddens have attached declarations from each signed under penalty of perjury, as well as a certified copy of a death certificate for Plaintiff. (Id.)

On May 9, 2019, the Maddens filed a notice of change of address. (ECF No. 22.)

**II.    Discussion**

    **A.    Substitution of Michael Madden and Kathy Madden**

Federal Rule of Civil Procedure 25 provides that a Court may order substitution of the proper party if a party dies and the claim is not extinguished. Fed. R. Civ. P. 25(a)(1). Rule 25 further states that "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Id.

Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and the nonparty successors or representatives of the deceased. Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for

substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); Barlow, 39 F.3d at 232–34. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469–71 (2d Cir. 1998).

The Court finds that the Maddens have formally noticed the death of Plaintiff on the record, by way of the instant motion, including the attached death certificate,[1] and the notice of death of party. (ECF Nos. 20, 21.) Although the suggestion of death was not served on the defendants, they could not as the defendants have not yet been served or appeared in this action. Nevertheless, the Court finds that the Maddens have demonstrated their intent to continue this action as successors in interest of Plaintiff, and to serve the defendants with all documents necessary to proceed.[2]

**B.     Service of Documents**

As to the Maddens' request for re-service of the Court's January 22, 2019 screening order and all documents necessary to carry out service on the defendants, as well as an extension of time for the Maddens to complete and return all service documents to the Court, the Court will

---

[1] The Court takes judicial notice of the certificate of death, as an official public record certified by the State of California, County of Los Angeles Department of Public Health. C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009) (A court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet."); see also Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002).

[2] As defendants have not had the opportunity to respond to the appropriateness of service of the notice of death or the Maddens' argument that all claims in this action survived the death of Plaintiff, the Court expresses no opinions on the merits of these issues at this time.

3

grant the request in part. The Court will direct the Clerk of the Court to re-serve the January 22, 2019 screening order only.

However, service will be completed pursuant to the Court's E-Service pilot program, which will be addressed by separate order. The Maddens need not attempt service on the defendants and need not request waiver of service unless or until the Court is unable to effectuate service of process under the E-Service program. Therefore, the requested service documents for completion and related extension of time are denied as moot.

**III. Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Michael Madden and Kathy Madden's motion for substitution of party and re-service of documents, (ECF No. 21), is GRANTED IN PART;
2. "Michael Madden, Successor-in-Interest to Ryan P. Madden" and "Kathy Madden, Successor-in-Interest to Ryan P. Madden" shall be substituted as plaintiffs in this action for Plaintiff Ryan P. Madden;
3. The Clerk of the Court is directed to serve a copy of the Court's January 22, 2019 screening order, (ECF No. 15), on Michael Madden and Kathy Madden at their current address of record as noted in ECF No. 21; and
4. The Court will issue a separate order regarding service of this action pursuant to the Court's E-Service program.

IT IS SO ORDERED.

Dated: **March 10, 2020** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE