# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MADDEN, Successor-in-Interest to Ryan P. Madden, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HICKS, *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00255-DAD-BAM (PC) <br><br> ORDER DENYING DEFENDANTS' MOTION TO REVOKE PLAINTIFFS' *IN FORMA PAUPERIS* STATUS AS MOOT <br> (ECF No. 34) <br><br> ORDER GRANTING PLAINTIFFS' APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* NUNC PRO TUNC <br> (ECF Nos. 45, 46, 49, 50) |

Plaintiffs Michael Madden and Kathy Madden, as Successors-in-Interest to Ryan P. Madden (collectively, "Plaintiffs") are proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendant Hicks for excessive force and assault and battery claims, and against Defendants Silva and Hicks for California Bane Act and retaliation claims.

On October 9, 2020, Defendants filed a motion to revoke Plaintiffs' *in forma pauperis* status. (ECF No. 34.) On November 6, 2020, the Court ordered Plaintiffs to file non-prisoner applications to proceed *in forma pauperis* or pay the remaining filing fee of $139.42 in order to proceed with this action. (ECF No. 38.) Plaintiffs filed an opposition to Defendants' motion to revoke Plaintiffs' *in forma pauperis* status on December 11, 2020, (ECF No. 44), and motions to proceed *in forma pauperis* on December 14, 2020, (ECF Nos. 45, 46). Defendants filed a reply to

1  Plaintiff's opposition on December 17, 2020.  (ECF No. 47.)

2  Upon review of the applications to proceed *in forma pauperis*, the Court ordered Plaintiffs
3  to complete the long form *in forma pauperis* application to provide clarification regarding
4  Plaintiffs' income and expenses.  (ECF No. 48.)  Plaintiffs submitted the completed long form
5  applications on January 15, 2021.  (ECF Nos. 49, 50.)  Defendants have not had an opportunity to
6  file a response to the new motions, but the Court finds a response is unnecessary.  The motion to
7  revoke Plaintiffs' *in forma pauperis* status and the motions to proceed *in forma pauperis* are
8  deemed submitted.  Local Rule 230(l).

9  **I.      Motion to Revoke Plaintiffs'** ***In Forma Pauperis*** **Status**

10  Defendants argue that the Court originally granted *in forma pauperis* status to Ryan P.
11  Madden, the decedent and original plaintiff in this action.  (ECF No. 34.)  However, after
12  Plaintiffs substituted into this case as successors-in-interest, they did not file their own
13  applications to proceed *in forma pauperis* or any affidavits showing they are impoverished.
14  Defendants therefore argue that Plaintiffs' *in forma pauperis* status must be revoked and Plaintiffs
15  ordered to pay any outstanding filing fees owed and to reimburse the Court for serving process in
16  this case.  Alternatively, Defendants argue that the Court should order Plaintiffs to file their own
17  *in forma pauperis* applications.  (Id.)

18  In opposition, Plaintiffs filed declarations stating that they are self-employed, and due to
19  the pandemic, their business has been rendered inoperable.  (ECF No. 44.)  Plaintiffs are
20  receiving unemployment benefits and had to take out a Paycheck Protection Plan loan.  (Id.)

21  In reply, Defendants argue that Plaintiffs have not offered any arguments or evidence to
22  substantively oppose Defendants' arguments, instead opposing Defendants' motion on the ground
23  that they would file applications showing they are independently entitled to *in forma pauperis*
24  status. (ECF No. 47.)  Defendants then argue, for the first time, that even if Plaintiffs are entitled
25  to *in forma pauperis* status going forward, Plaintiffs were not entitled to use the decedent's *in*
26  *forma pauperis* status prior to submission of their own applications, and therefore the Court
27  should order Plaintiffs' to pay the outstanding filing fees owed, and order Plaintiffs to reimburse
28  the Court for its costs in acting as Plaintiffs' process server.  (Id.)

The Court agrees that Plaintiffs are not entitled to proceed *in forma pauperis* in this action under the status of Ryan Madden. In order for an action to proceed without prepayment of the filing fee, each plaintiff in an action must establish that they are entitled to proceed *in forma pauperis* individually. See 28 U.S.C. § 1915(a). Accordingly, Plaintiffs' *in forma pauperis* status, to the extent it was purportedly derived from decedent Ryan Madden's status, is invalid. In addition, as requested in Defendants' motion to revoke, the Court has ordered Plaintiffs to file their own *in forma pauperis* applications explaining why they are unable to pay the filing fee and costs in this action.

With respect to Defendants' new argument that Plaintiffs should be required to pay the outstanding filing fees and costs for service of process, even if granted *in forma pauperis* status, the Court is not persuaded. First, Defendants have not identified any costs expended that would require reimbursement, and the Court is not aware of any such costs. This is particularly true as this case proceeded under the Court's E-Service pilot program, (ECF No. 25), and Defendants thereafter waived service of summons, (ECF No. 28). Finally, for the reasons discussed below, the Court has reviewed Plaintiffs' applications and found that Plaintiffs are independently entitled to proceed *in forma pauperis*, nunc pro tunc. Therefore, any costs that may have been expended during service of process are covered under Plaintiffs' *in forma pauperis* status. Defendants' motion to revoke Plaintiffs' *in forma pauperis* status and request for payment of these fees is therefore moot.

## II.    Applications to Proceed *In Forma Pauperis*

Upon review of the long form *in forma pauperis* applications timely submitted by Plaintiffs on January 15, 2021, the Court finds that Plaintiffs have demonstrated that they are unable to afford the costs of this action, and accordingly, the requests to proceed *in forma pauperis* will be granted. Specifically, Plaintiffs have demonstrated that their average monthly expenses during the past 12 months have exceeded their average monthly incomes, and that they do not expect any income in the next month. (ECF No. 49, pp. 2, 5; ECF No. 50, pp. 2, 5.) Furthermore, due to the COVID-19 pandemic, Plaintiffs have received a PPP (Paycheck Protection Plan) loan, which will need to be repaid. (ECF Nos. 44, pp. 2, 3; ECF No. 49, p. 5;

ECF No. 50, p. 5.)  Although Plaintiffs possess $3,019 in cash, $2,210 of that amount is in a business checking account, and only $809 is in a personal checking account.  (ECF Nos. 49, p. 2; ECF No. 50, p. 2.)

The Court further acknowledges that it was in part due to the Court's own actions that Plaintiffs did not timely file their own applications to proceed *in forma pauperis*.  Plaintiffs' motion for substitution was granted on March 11, 2020, and the case proceeded immediately to service of process two days later.  (ECF Nos. 24, 25.)  As Plaintiffs receive service in this case by mail, Plaintiffs did not have the opportunity to file applications to proceed *in forma pauperis* prior to service of the complaint on Defendants.  In addition, the Court did not order Plaintiffs to file their own applications until November 6, 2020, after the filing of Defendants' motion to revoke Plaintiffs' *in forma pauperis* status.  In light of these circumstances, the Court finds it appropriate to grant Plaintiffs' applications to proceed *in forma pauperis* nunc pro tunc, as of March 11, 2020, the date the motion to substitute was granted.

### III.   Order

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to revoke Plaintiffs' *in forma pauperis* status, (ECF No. 34), is DENIED as moot;
2. Plaintiff Michael Madden's motions to proceed *in forma pauperis*, (ECF Nos. 45, 50), are GRANTED, nunc pro tunc; and
3. Plaintiff Kathy Madden's motions to proceed *in forma pauperis*, (ECF Nos. 46, 49), are GRANTED, nunc pro tunc.

IT IS SO ORDERED.

Dated:   **January 20, 2021**            /s/ *Barbara A. McAuliffe*              
UNITED STATES MAGISTRATE JUDGE

4