ROB BONTA, State Bar No. 202668
Attorney General of California
TYLER V. HEATH, State Bar No. 271478
Supervising Deputy Attorney General
BRIAN S. CHAN, State Bar No. 299926
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7368
 Fax: (916) 324-5205
 E-mail: Brian.Chan@doj.ca.gov
*Attorneys for Defendants Silva and Hicks*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **MICHAEL MADDEN, Successor-in-Interest to Ryan P. Madden, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**HICKS, et al.,**<br><br>Defendants. | 1:18-CV-00255-ADA-BAM<br><br>**DEFENDANTS' RAND WARNING TO PLAINTIFF REGARDING OPPOSING SUMMARY JUDGMENT** |

**TO MICHAEL AND KATHLEEN MADDEN, SUCCESSORS-IN-INTEREST TO RYAN P. MADDEN, PROCEEDING PRO SE:**

Plaintiffs are advised to read the following warning, which is a verbatim copy of the model warning from *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc):

***RAND* WARNING**

The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

///

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact— that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule [56(c)],[1] that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

### **EASTERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

In accordance with Local Rule 260(a), Defendants have filed a Statement of Undisputed Facts that contains discrete, specific materials facts to support their entitlement to summary judgment. In response to this Statement, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." You may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." *Id*. You are responsible for filing all evidentiary documents cited in the opposing papers. *Id*. If additional discovery is needed to oppose summary

///

///

///

---

[1] The substance of Rule 56(e) from the 1998 version, when *Rand* was decided, has been reorganized and renumbered with the current version of Rule 56(c).

judgment, Local Rule 260(b) requires you to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."

Dated: October 3, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
TYLER V. HEATH
Supervising Deputy Attorney General

/s/Brian S. Chan

BRIAN S. CHAN
Deputy Attorney General
*Attorneys for Defendants*
*Silva and Hicks*

SA2020300576
37557202.docx