ROB BONTA, State Bar No. 202668
Attorney General of California
TYLER V. HEATH, State Bar No. 271478
Supervising Deputy Attorney General
BRIAN S. CHAN, State Bar No. 299926
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7368
 Fax:  (916) 324-5205
 E-mail:  Brian.Chan@doj.ca.gov
*Attorneys for Defendants Silva and Hicks*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **MICHAEL MADDEN, Successor-in-Interest to Ryan P. Madden, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**HICKS, et al.,**<br><br>Defendants. | 1:18-CV-00255-ADA-BAM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON EXHAUSTION OF ADMINISTRATIVE REMEDIES**<br><br>Judge: The Honorable Barbara A. McAuliffe<br>Trial Date: Not Set<br>Action Filed: 2/22/2018 |

**TABLE OF CONTENTS**

**Page**

Introduction .................................................................................................................. 1

Statement of Facts ....................................................................................................... 1

Summary Judgment Standard ...................................................................................... 2

Argument ..................................................................................................................... 3

    I.    Decedent Madden Failed to Exhaust Administrative Remedies Regarding His Federal Law Claims. ......................................................... 3

        A.    Legal Standard. ................................................................................ 3

        B.    California Provides Inmates with an Administrative Appeal Process. ............................................................................................ 5

        C.    Decedent Madden Did Not Exhaust All Administrative Remedies Before Filing Suit. ........................................................... 6

            1.    Madden Exhausted TLR Log No. 1704206, But This Grievance Did Not Exhaust Any of Madden's Claims Against Hicks or Silva. ......................................................... 6

            2.    Madden Did Not Exhaust TLR Log No. 1707293, or Separately Appeal the Cancellation of TLR Log No. 1707293 ........................................................................... 8

    II.    Plaintiff Ryan Madden Failed to Exhaust Administrative Remedies Regarding His State Law Claims. ................................................................ 10

        A.    Legal Standard. .............................................................................. 10

        B.    Madden Did Not Exhaust His Administrative Remedies ................ 10

Conclusion ................................................................................................................. 12

i

Mem. P. & A. Supp. Defs.' Mot. Summ. J. Based on Exhaustion of Administrative Remedies
(1:18-CV-00255-ADA-BAM)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Albino v. Baca*
  747 F.3d 1162,1168 (9th Cir. 2014) ............................................................................. 4, 6

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (1986) .......................................................................................................... 2, 3

*Baker v. Cnty. of Sonoma*
  2010 WL 1038401 (N.D. Cal. Mar. 19, 2010) .................................................................. 10

*Booth v. Churner*
  532 U.S. 731 (2001) ............................................................................................................ 4

*Carnegie-Mellon Univ. v. Cohill*
  484 U.S. 343 (1988) .......................................................................................................... 11

*Celotex Corp. v. Catrett*
  477 U.S. 317 (1986) ............................................................................................................ 2

*Christian v. Macias*
  No. 2:21-cv-0305 KJN P, 2023 WL 5707504 (E.D. Cal. Sep. 5, 2023) ............................... 3

*City of Oakland, Cal. v. Hotels.com LP*
  572 F.3d 958 (9th Cir. 2009), (Aug. 20, 2009) ................................................................. 10

*Cortinas v. Portillo*
  754 F. App'x 525 (9th Cir. 2018) ........................................................................................ 9

*Foster v. Sexton*
  61 Cal.App.5th 998 (Cal. Ct. App. 2021) ......................................................................... 10

*Griffin v. Arpaio*
  557 F.3d 1117 (9th Cir. 2009) ............................................................................................. 4

*Hunter v. Sorheim*
  No. 2:15-cv-9253 DMG SK, 2018 WL 1475034 (C.D. Cal. Feb. 27, 2018) ....................... 9

*In re Guillen*
  No. C074066, 2014 WL 2882570 (Cal. Ct. App. June 25, 2014) ..................................... 11

*Jackson v. Fong*
  870 F.3d 928 (9th Cir. 2017) ............................................................................................... 3

ii

Mem. P. & A. Supp. Defs.' Mot. Summ. J. Based on Exhaustion of Administrative Remedies
(1:18-CV-00255-ADA-BAM)

**TABLE OF AUTHORITIES**
(continued)

Page

*Jackson v. Hall*
   No. 1:20-3036-DCC-SVH, 2021 WL 6843284 (D.S.C. Aug. 21, 2021) .................................. 3

*Jackson v. Truong*
   No. E073434, 2021 Wl 2388152 (Cal. Ct. App. June 2021) .................................................. 11

*Jones v. Bock*
   549 U.S. 199 (2007) ............................................................................................................. 4

*Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*
   475 U.S. 574 (1986) ........................................................................................................ 2, 3

*Morton v. Hall*
   599 F.3d 942 (9th Cir. 2010) ............................................................................................... 4

*Nursing Home Pension Fund, Local 144 v. Oracle Corp.* (*In re Oracle Corp. Sec. Litig.*)
   627 F.3d 376 (9th Cir. 2010) ............................................................................................... 2

*Reyes v. Smith*
   810 F.3d 654 (9th Cir. 2016) ............................................................................................... 4

*Rojo v. Kliger*
   52 Cal. 3d 65 (1990) ......................................................................................................... 10

*Ross v. Blake*,
   578 U.S. 632, 648-49 (2016) .............................................................................................. 4

*Sapp v. Kimbrell*
   623 F.3d 813 (9th Cir. 2010) ............................................................................................... 7

*Talamantes v. Leyva*
   575 F.3d 1021 (9th Cir. 2009) ............................................................................................. 3

*Vaughn v. Hood*
   No. 2:14-cv-2235 MCE KJN P, 2015 WL 5020691 (E.D. Cal. Aug. 21, 2015) ....................... 9

*Wilson v. Zubiate*
   718 F. App'x 479 (9th Cir. 2017) ........................................................................................ 9

*Woodford v. Ngo*
   548 U.S. 81 (2006) .................................................................................................... 4, 5, 9

*Wright v. State*
   122 Cal.App.4th 659 (2004) ............................................................................................. 10

# TABLE OF AUTHORITIES
### (continued)

**Page**

**STATUTES**

United States Code, Title 42
    § 1983 ........................................................................................................... 3
    § 1997e(a) ..................................................................................................... 3
    § 1997e, subd. (a) ....................................................................................... 10

California Bane Act (Cal. Civ. Code 52.1) ............................................................. 1, 11

California Code of Regulations Title 15 ................................................................ 5, 9

California Code of Regulations Title 15
    § 3084.1(a) .................................................................................................. 5
    § 3084.1(b) .......................................................................................... *passim*
    § 3084.2(a) .................................................................................................. 5
    § 3084.2(a)(3) ............................................................................................. 7
    § 3084.2(a)(3)-(4) ................................................................................... 5, 7
    § 3084.6(a)(3) & (e) .................................................................................... 6
    § 3084.6(c) ................................................................................................... 6
    § 3084.6(c)(4) .............................................................................................. 6
    § 3084.7 ....................................................................................................... 5
    § 3084.7(a)-(c) ............................................................................................ 5

Prison Litigation Reform Act ........................................................................ 3, 4, 10, 11

**CONSTITUTIONAL PROVISIONS**

First Amendment ................................................................................................ 1, 10

Eighth Amendment ............................................................................................. 1, 10

**COURT RULES**

Federal Rules of Civil Procedure § 56(c) ............................................................ 2, 3

**OTHER AUTHORITIES**

Moseley Dec. Ex. 4 .............................................................................................. 8, 9

Moseley Dec. Ex. 5 ................................................................................................. 8

## INTRODUCTION

Former Plaintiff and decedent Ryan Madden[1] initiated this lawsuit against Defendant Correctional Officer Hicks and Correctional Lieutenant Silva, bringing a variety of federal and state law claims against them. Specifically, Madden accused Hicks and Silva of Eighth Amendment excessive force, First Amendment retaliation, assault and battery, and violations of the California Bane Act. However, undisputed evidence shows Madden failed to exhaust his administrative remedies prior to bringing this lawsuit. Accordingly, this Court should grant summary judgment to the Defendants and dismiss this action based on Madden's failure to exhaust administrative remedies.

## STATEMENT OF FACTS

During the relevant period, Madden was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at California State Prison, Corcoran. (Defs.' Statement of Undisputed Facts (DUF) ¶ 1.) Madden filed this suit against Hicks and Silva regarding events that occurred on or shortly after December 1, 2016. (ECF No. 1 at 10.) At the time he filed this lawsuit, Madden was still an inmate in the custody of CDCR. (DUF ¶ 2.) In his lawsuit, Madden alleged Hicks used excessive force on him on December 1, and later distributed documents that falsely accused Madden of being a child sex offender in order to retaliate against him for filing a grievance regarding the December 1 incident. (ECF No. 1 at 10-13.) Madden also alleged Silva threatened to pursue false disciplinary charges and place Madden in administrative segregation if Madden were to file a complaint against Hicks. (*Id.*)

CDCR provided Madden with an administrative grievance and appeals process, (DUF ¶ 3), and Madden was aware of that process and had exhausted other grievances in the past, (DUF ¶ 4.) Madden filed two relevant grievances regarding the December 1, 2016 incident: one grievance, filed with the prison on January 5, 2017, concerned Hicks' use of force and Silva's purported threat (TLR No. 1707293, an appeal of institutional grievance log no. COR-17-00137), (DUF ¶

---

[1] After his passing, Mr. Ryan Madden's parents, Michael and Kathleen Madden, substituted into this case as Mr. Madden's successors in interest in the lawsuit he filed. Because this motion primarily concerns the decedent's actions while he was incarcerated, all references to "Mr. Madden" or "Madden" are to the decedent and not to the current Plaintiffs.

1

8), and the second grievance, filed February 7, 2017, concerned a Rules Violation Report (RVR) that Madden was found guilty of related to the December 1 incident (TLR No. 1704206, an appeal of institutional grievance log no. COR-17-00616), (DUF ¶ 14).  Madden successfully exhausted the grievance regarding the RVR, (DUF ¶ 16), but his grievance regarding Hicks' and Silva's alleged conduct was cancelled at the third level of review for being untimely filed, (duf ¶ 11).  There are also no records showing Madden ever separately appealed the cancellation of his grievance regarding Hicks' and Silva's alleged conduct.  (DUF ¶ 13.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  Thus, factual disputes that have no bearing on the outcome of a suit are irrelevant to the consideration of a motion for summary judgment. *Id.*

"Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Nursing Home Pension Fund, Local 144 v. Oracle Corp.* (*In re Oracle Corp. Sec. Litig.*), 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Accordingly, once the moving party has carried its burden to demonstrate the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio*

2

*Corp.*, 475 U.S. 574, 587 (1986).  In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender specific facts in the form of affidavits and/or admissible discovery material in support of its contention that such a dispute exists.  *See* Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.*  The non-moving party must show that the facts in dispute are material, meaning the fact could affect the outcome of the action under governing law and that the dispute is genuine, meaning the evidence presented is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson*, 477 U.S. at 247-48.

## ARGUMENT

**I.  DECEDENT MADDEN FAILED TO EXHAUST ADMINISTRATIVE REMEDIES REGARDING HIS FEDERAL LAW CLAIMS.**

**A.  Legal Standard.**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement applies based on when a plaintiff files the operative complaint; if the plaintiff was a "prisoner" at the time the operative complaint is filed, then the PLRA exhaustion requirement applies.  *See Jackson v. Fong*, 870 F.3d 928, 935-936 (9th Cir. 2017); *Talamantes v. Leyva*, 575 F.3d 1021, 1023-24 (9th Cir. 2009); *see, e.g., Jackson v. Hall*, No. 1:20-3036-DCC-SVH, 2021 WL 6843284, *7 (D.S.C. Aug. 21, 2021) (finding the PLRA exhaustion requirement applied because the decedent was a prisoner when he filed the lawsuit, and finding that the successor's motion to substitute did not change the date by which the decedent had to exhaust administrative remedies).  This means that the PLRA exhaustion requirement continues to apply where the inmate-plaintiff who initiated the lawsuit is deceased and the lawsuit is being pursued by the decedent's successor in interest.  *See, e.g., Christian v. Macias*, No. 2:21-cv-0305 KJN P, 2023 WL 5707504 (E.D. Cal. Sep. 5, 2023)

3

1  (discussing whether decedent exhausted administrative remedies under the PLRA prior to filing
2  the action that was now being litigated by the decedent's successor in interest).

3       Exhaustion under the PLRA is mandatory. *Booth v. Churner*, 532 U.S. 731, 739-41 (2001);
4  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Prisoners must complete the prison's administrative
5  grievance process, regardless of the relief sought by the prisoner and the relief offered by the
6  prison, so long as the administrative process can provide some sort of relief on the grievance filed
7  by the prisoner. *Booth*, 532 U.S. at 741. The prisoner must exhaust his administrative remedies
8  by meeting the prison's procedural requirements. *Woodford*, 548 U.S. at 90. "The level of detail
9  necessary in a grievance to comply with the grievances procedures will vary from system to
10 system and claim to claim, but *it is the prison's requirements* … that define the boundaries of
11 proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (emphasis added); *see Griffin v.*
12 *Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("a prison's own procedures define the contours of
13 proper exhaustion") (citing *Jones*, 549 U.S. at 218); *see also Woodford*, 548 U.S. at 90 (proper
14 exhaustion demands compliance with an agency's critical procedural rules). The particular
15 administrative requirements that must be exhausted are those that are established by the particular
16 state's prison system. *Woodford*, 548 U.S. at 90-93; *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir.
17 2016). Where an inmate's grievance does not comply with the prison's regulations, it is
18 insufficient to exhaust available administrative remedies. *Jones*, 549 U.S. at 218; *Morton v. Hall*,
19 599 F.3d 942, 946 (9th Cir. 2010); *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

20      The failure to exhaust administrative remedies in compliance with the PLRA is an
21 affirmative defense under which Defendants have the burden of raising and proving the absence
22 of exhaustion. *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162,1168 (9th Cir. 2014). Once
23 the defendant shows the plaintiff had an administrative remedy available and did not exhaust that
24 remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is
25 something in his particular case that made the existing and generally available remedy effectively
26 unavailable to him." *Id.* An exception to the PLRA's exhaustion requirement exists where relief
27 is, as a practical matter, "unavailable" to a prisoner. *Ross v. Blake*, 578 U.S. 632, 648-49 (2016).
28 However, failure to obtain relief because a prisoner neglected to comply with the agency's

deadlines or other procedural rules does not render relief "unavailable," and does not fall within the exception. *Woodford*, 548 U.S. at 95-96.

### B. California Provides Inmates with an Administrative Appeal Process.

The California Department of Corrections and Rehabilitation (CDCR) provides a comprehensive administrative grievance system, which is codified in Title 15 of the California Code of Regulations. At the time relevant to this lawsuit, California's prison system provided for three formal levels of appeal review. Cal. Code Regs. tit. 15, § 3084.7 (2016). During the relevant time, inmates had the right to administratively grieve "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having material adverse effect upon his or her health, safety, or welfare." *Id.* at § 3084.1(a). The appeal process had three levels of review: (1) formal appeal to the institution within thirty calendar days of the occurrence of the event; (2) second-level appeal to the institution head or designee; and, (3) third-level appeal to the Appeals Chief, whose response constitutes the decision of the Secretary of the CDCR. *Id.* at §§ 3084.7(a)-(c); 3084.8(b)(1).

CDCR requires a prisoner to submit a grievance using a CDCR Form 602 and describe the problem and action requested. *Id.* at § 3084.2(a). Inmates were limited to one issue or related set of issues per appeal form submitted, and required to identify each staff member involved in the alleged misconduct; describe their involvement; and state all facts known and available to the inmate. *Id.* § 3084.2(a)(3)-(4). Administrative remedies were not exhausted as to any new issue, information, or person that was not included in the originally submitted CDCR Form 602, even if identified in the supporting documents. *Id.* §§ 3084.1(b) (cannot raise new issues), 3084.2(b)(1) (supporting documents insufficient).

All appeals were "subject to a third level of review . . . before administrative remedies [were] deemed exhausted." *Id.* at § 3084.1(b). As such, the administrative process is exhausted only after the inmate complies with all relevant prison grievance procedures and receives a decision from the third level. *Woodford*, 548 U.S. at 95-103 (in order to give prison officials a fair opportunity to resolve a complaint, an inmate must bring that complaint in a timely manner to

5

the officials' attention).  At any level, an appeal may be "rejected" or "cancelled" on any number of grounds having nothing to do with the merits.  *See* Cal. Code Regs. tit. 15, § 3084.6(c) (enumerating cancellation grounds).  A grievance may be cancelled or rejected if "[t]ime limits for submitting the [grievance] are exceeded even though an inmate . . . had the opportunity to submit within the prescribed time constraints."  *Id.* § 3084.6(c)(4).  The "cancellation or rejection" of an appeal "does not exhaust administrative remedies."  *Id.* § 3084.1(b).  An inmate can file a separate appeal to challenge the cancellation decision.  *Id.* § 3084.6(a)(3) & (e).  If the inmate prevails on the separate appeal, the cancelled appeal later can be considered at the discretion of the appeals coordinator or the third level appeals chief.  *Id.*

### C. Decedent Madden Did Not Exhaust All Administrative Remedies Before Filing Suit.

Indisputable facts show Madden had an administrative remedy available to him while in prison.  (DSUF ¶ 4.)  Madden was aware of the administrative grievance process and had utilized it several times in the past.  (*Id.*)  Madden also alleged in his complaint that he exhausted his administrative remedies.  (ECF No. 1 at 3-5, 17.)  The only remaining issue is whether Madden properly and fully exhausted his administrative remedies for all of his claims against the Defendants before he filed suit.  *Albino*, 747 F.3d at 1172.  The undisputed facts show he did not.

#### 1. Madden Exhausted TLR Log No. 1704206, But This Grievance Did Not Exhaust Any of Madden's Claims Against Hicks or Silva.

Madden's administrative appeal records show he exhausted one relevant grievance to this case: TLR Log No. 1704206 (an appeal of COR-17-00616).  (DUF ¶ 14.)  In this grievance, Madden asserted there were multiple due process errors in the adjudication of RVR Log No. 1662330, where Madden was disciplined for willfully resisting Hicks in the performance of his duties on December 1, 2016.  (Moseley Ex. 3 at 3-6.)  Specifically, Madden asserted that his mental health evaluation report and the CDCR Form 7219 medical report was not issued more than 24 hours prior to his disciplinary hearing; that the Senior Hearing Officer denied him testimony from four witnesses, including from Hicks; that he was not provided a video-taped recording of the incident; and that the statement given during the RVR hearing was not articulated

6

in the final copy of the RVR. (*Id.*) For relief, Madden requested that the RVR be dismissed, that all behavioral credits lost be restored, and that he receive monetary compensation for the due process violations. (*Id.*) Madden filed this grievance with the prison on February 7, 2017, (DUF ¶ 14); he received a second-level response to the grievance on March 17, 2017, (DUF ¶ 15); and the CDCR Office of Appeals denied (and thus exhausted) this grievance on July 25, 2017, (DUF ¶ 16).

Although Madden exhausted TLR Log No. 1704206, the exhaustion of this grievance would not have exhausted any of Madden's claims against Hicks and Silva. In the CDCR 602 grievance form for this appeal, Madden focused entirely on the adjudication of RVR Log No. 1662330 and the due process violations Madden allegedly experienced. (DUF ¶ 17; Moseley Ex. 3 at 3-6.) Madden's grievance form made no reference to Hicks, Silva, or the December 1, 2016 incident, (DUF ¶ 17); the grievance did not accuse Hicks or Silva of misconduct, and did not include any facts alleging Madden was being disciplined as retaliation (*id.*); and for relief, it did not ask prison officials to discipline Hicks or Silva for any purported misconduct during the December 1, 2016 incident, (DUF ¶ 18).

In order to properly raise an issue through the prison grievance process, an inmate must identify each staff member involved in the alleged misconduct; describe their involvement; and state all facts known and available to the inmate. Cal. Code Regs. Tit. 15, § 3084.2(a)(3)-(4). Administrative remedies are not exhausted as to any new issue, information, or person that was not included in the originally submitted CDCR Form 602, even if identified in the supporting documents. *Id.* §§ 3084.1(b) (cannot raise new issues), 3084.2(b)(1) (supporting documents insufficient). Because this grievance only complained about the due process violations Madden purportedly experienced during the adjudication of the RVR and facts focused on those alleged violations, and because it did not accuse Hicks or Silva of any misconduct, prison officials would not have been put on notice about Madden's complaints against Hicks and Silva. *See* Cal. Code Regs. tit. 15, § 3084.2(a)(3); *see Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (a grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the

7

1   prison seeks redress). Prison officials therefore only addressed the issues that Plaintiff's
2   grievance included and put them on initial notice of, i.e. Plaintiff's complaints about the
3   adjudication of the RVR. (DUF ¶ 19; Cal. Code Regs. tit. 15, § 3084.1(b) (administrative
4   remedies only deemed exhausted for issues included in original grievance form and appealed to
5   third level of review).)

**2.   Madden Did Not Exhaust TLR Log No. 1707293, or Separately Appeal the Cancellation of TLR Log No. 1707293.**

8   Madden's administrative appeal records also show he filed another relevant grievance: TLR
9   No. 1707293 (an appeal of COR-17-00616). (DUF ¶ 8.) In this grievance, Madden asserted that
10  on December 2, 2016, Hicks used unnecessary and excessive force against him on the day he was
11  in the pill line for his evening medication. (Moseley Dec. Ex. 4 at 2-5.) Madden further asserted
12  that after the use-of-force incident, an unnamed lieutenant approached Madden while he was in a
13  holding cage and threatened him into not reporting Hicks' conduct. (*Id.*) Madden further
14  asserted that although he agreed not to report Hicks, other inmates who had witnessed the
15  incident had reported Hicks, which then led to the distribution of forged documents accusing
16  Madden of being a sex offender. (*Id.*) Although Madden's grievance form was dated December
17  29, 2016, the prison's appeals office stamped the form as received on January 5, 2017. (DUF ¶ 8;
18  Moseley Dec. Ex. 5 at 2.) Madden received a second-level response to the grievance on June 1,
19  2017, (DUF ¶ 10), but the CDCR Office of Appeals cancelled this grievance October 11, 2017,
20  after it determined that Madden's initial grievance form had been submitted "beyond the
21  allowable time constraints to submit the appeal", (DUF ¶ 11; Moseley Dec. Ex. 4 at 1). The third
22  level cancellation decision advised Madden that "a separate appeal can be filed on the
23  cancellation decision" and that the original appeal may be resubmitted "if the appeal of the
24  cancellation is granted." (DUF ¶ 12; Moseley Dec. Ex. 4 at 1) But there is no evidence Madden
25  ever separately appealed the cancellation of TLR No. 1707293. (DUF ¶ 13.)
26  If Madden had properly exhausted TLR No. 1707293, then he would have exhausted his
27  administrative remedies regarding his claims against Hicks and Silva. However, Madden did not.
28  The undisputed facts show Madden failed to timely submit his CDCR 602 grievance form within

8

the time constraints set forth by the Section 3084.6 of Title 15 of California Code of Regulations, leading to the grievance's cancellation at the third level of review. (DUF ¶ 11; *see* Moseley Dec. Ex. 4 at 1.) Although Madden's operative complaint does contain allegations about how he initially refrained from filing a complaint against Hicks based on purported threats made by Hicks and Silva, Madden went on to allege that he exhausted all administrative remedies "through the pursuit of grievances via the CDCR's inmate appeals process through all levels of available review", (*see* ECF No. 1 at 16-17), which the undisputed facts show was not actually the case, (DUF ¶¶ 11-13).

Importantly, the undisputed facts also show Madden never separately appealed the third-level cancellation decision for TLR No. 1707293, despite being advised of the ability to do so. (DUF ¶¶ 12-13.) And there are no factual allegations in the complaint that explain why Madden failed to appeal the CDCR Office of Appeal's cancellation decision. (*See* ECF No. 1 at 16-17.) As explained above, "proper exhaustion of administrative remedies ... means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90. Because Madden had the ability to appeal the cancellation of his third level appeal, administrative remedies were still available to him, and his failure to appeal the cancellation therefore renders his appeal against Hicks and Silva unexhausted. *See Wilson v. Zubiate*, 718 F. App'x 479, 481-82 (9th Cir. 2017) (even assuming cancellation of grievance was improper, prisoner failed to exhaust his administrative remedies when he did not appeal cancellation); *Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) (some remedy remained available because prisoner could have appealed cancellation decision); *Hunter v. Sorheim*, No. 2:15-cv-9253 DMG SK, 2018 WL 1475034, at *2-3 (C.D. Cal. Feb. 27, 2018) (where grievance was cancelled as untimely, plaintiff failed to exhaust administrative remedies because he could have appealed the cancellation), aff'd, 782 F. App'x 661 (9th Cir. 2019); *Vaughn v. Hood*, No. 2:14-cv-2235 MCE KJN P, 2015 WL 5020691, *10 (E.D. Cal. Aug. 21, 2015) ("Because plaintiff is required to receive a third level decision, not a cancellation, the cancellation of plaintiff's third level appeal cannot serve to exhaust plaintiff's claims.").

9

Mem. P. & A. Supp. Defs.' Mot. Summ. J. Based on Exhaustion of Administrative Remedies
(1:18-CV-00255-ADA-BAM)

Because Madden failed to properly exhaust his administrative remedies under the PLRA, Madden's Eighth Amendment excessive force and First Amendment retaliation claims must be dismissed without prejudice.

## II. PLAINTIFF RYAN MADDEN FAILED TO EXHAUST ADMINISTRATIVE REMEDIES REGARDING HIS STATE LAW CLAIMS.

### A. Legal Standard.

Federal courts apply state administrative exhaustion requirements for state law claims.[2] *See City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 960 (9th Cir. 2009), *as amended* (Aug. 20, 2009). California law requires a prisoner to exhaust available administrative remedies "provided by statute" before turning to the courts. *Wright v. State*, 122 Cal.App.4th 659, 664–65 (2004). In contrast to federal law, California law treats exhaustion or an excuse as an essential element of an inmate's cause of action for the recovery of personal property or its monetary value. *Foster v. Sexton*, 61 Cal.App.5th 998, 1023-24 (Cal. Ct. App. 2021). A "[p]laintiff bears the burden of showing that he has complied." *Baker v. Cnty. of Sonoma*, 2010 WL 1038401, *20 (N.D. Cal. Mar. 19, 2010) (*citing Wright*, 122 Cal.App.4th at 665). Failure to exhaust "denies jurisdiction to any court, state or federal, to consider [the non-exhausted] claims," *id.* at 1248; until exhausted, the claims remain "within the special jurisdiction of the administrative tribunal," *Wright*, 122 Cal.App.4th at 665–66; *see Hotels.com LP*, 572 F.3d at 960. When a public entity establishes an internal grievance mechanism, the failure to exhaust those internal remedies precludes any subsequent private civil action. *Rojo v. Kliger*, 52 Cal. 3d 65, 86 (1990). If the inmate or parolee does not complete the entire process, the inmate did not exhaust available administrative remedies. *Wright*, 122 Cal. App. 4th at p. 667. Substantial compliance does not suffice. *Ibid*.

### B. Madden Did Not Exhaust His Administrative Remedies.

Madden did not exhaust his administrative remedies with respect to his state law claims. As explained above in greater detail, the undisputed facts show that Madden only exhausted one

---

[2] Plaintiff has brought various state law claims that do not fall within the PLRA. (*See* 42 U.S.C. § 1997e, subd. (a).) *Wright* cited to the PLRA as a federal analog, but it did not expressly adopt the PLRA's requirement that the plaintiff be an inmate for exhaustion to apply. *Wright*, *supra*, 122 Cal.App.4th at pp. 665-666.

10

1  relevant grievance to this case: TLR Log No. 1704206 (an appeal of COR-17-00616), which only
2  concerned the due process he received during the adjudication of RVR Log No. 1662330. (DUF
3  ¶¶ 14-19.) The TLR Log No. 1704206 grievance does not exhaust any of Madden's claims in this
4  case because the grievance identify or describe any complaint against Hicks and Silva for their
5  conduct during the December 1 incident. (DUF ¶¶ 17-19; *see Jackson v. Truong*, No. E073434,
6  2021 Wl 2388152, *6-7 (Cal. Ct. App. June 2021) (*citing Wright*, 122 Cal.App.4th at 667)
7  (finding inmate-plaintiff failed to exhaust administrative remedies against Dr. Truong because the
8  CDCR grievance form never named Dr. Truong and never stated facts that alerted prison officials
9  that she was injured during the relevant period due to Dr. Truong's actions).

10  Madden filed another relevant grievance, TLR No. 1707293 (an appeal of COR-17-00616),
11  but as explained above, this grievance was cancelled at the third level of review and was thus not
12  exhausted. (DUF ¶¶ 8-13; Cal. Code Regs. Tit. 15, § 3084.1(b) (cancellation of an appeal does
13  not exhaust administrative remedies).) Madden had the opportunity to file a separate grievance to
14  challenge the cancellation of TLR No. 1707293, but Madden failed to do so. (DUF ¶¶ 12-13; *see
15  In re Guillen*, No. C074066, 2014 WL 2882570 (Cal. Ct. App. June 25, 2014) (denying habeas
16  corpus petition where inmate-petitioner had failed to timely exhaust administrative remedies and
17  failed to timely appeal cancellation decision).)

18  Because Madden failed to properly exhaust his administrative remedies under the PLRA,
19  Madden's state law causes of action, including his causes of action for assault and battery and
20  under the California Bane Act (Cal. Civ. Code 52.1), should be dismissed. Alternatively, if the
21  Court determines that Madden's federal law claims should be dismissed based on failure to
22  exhaust administrative remedies, this Court should decline to exercise supplemental jurisdiction
23  over Madden's state law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)
24  (when federal claims are eliminated before trial, district courts should usually decline to exercise
25  supplemental jurisdiction).

11

Mem. P. & A. Supp. Defs.' Mot. Summ. J. Based on Exhaustion of Administrative Remedies
(1:18-CV-00255-ADA-BAM)

**CONCLUSION**

The undisputed facts show Madden failed to timely and properly exhaust his administrative remedies before filing this lawsuit. Accordingly, Defendants request that the Court grant them summary judgment on all of Plaintiff's causes of action, and dismiss this action in its entirety.

Dated: October 3, 2023                    Respectfully submitted,

                                                        ROB BONTA
                                                       Attorney General of California
                                                       TYLER V. HEATH
                                                       Supervising Deputy Attorney General

                                                       BRIAN S. CHAN
                                                       Deputy Attorney General
                                                       *Attorneys for Defendants*
                                                       *Silva and Hicks*

SA2020300576
37551079_2.docx

12

Mem. P. & A. Supp. Defs.' Mot. Summ. J. Based on Exhaustion of Administrative Remedies
(1:18-CV-00255-ADA-BAM)