1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Tyler V. Heath, State Bar No. 271478
   Supervising Deputy Attorney General
3  Brian S. Chan, State Bar No. 299926
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-7368
6    Fax: (916) 324-5205
     E-mail: Brian.Chan@doj.ca.gov
7  *Attorneys for Defendants Silva and Hicks*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                      FRESNO DIVISION

11

12

13  **MICHAEL MADDEN, Successor-in-**          1:18-CV-00255-ADA-BAM
    **Interest to Ryan P. Madden, et al.,**
14                                            **DECLARATION OF HOWARD E.**
                                   Plaintiffs, **MOSELEY IN SUPPORT OF**
                                              **DEFENDANTS' MOTION FOR**
15         v.                                 **SUMMARY JUDGMENT**

16
    **HICKS, et al.,**
17
                                   Defendants.
18

19

20        I, Howard E. Moseley, make this declaration in support of Defendants' Motion for

21  Summary Judgment. I make the following declaration based upon my own knowledge, as

22  explained below. If called, I can testify competently to the facts contained in this declaration for

23  the reasons discussed below. I declare as follows:

24        1.   I am employed by the California Department of Corrections and Rehabilitation

25  (Department) as the Associate Director of the Office of the Appeals (OOA), formerly named the

26  Inmate Appeals Branch. The Associate Director of the OOA administers the Department's

27  grievance and appeal process for all offenders (inmates and parolees). Before my tenure as the

28

                                          1

1   Associate Director of the OOA, I worked for over four years as the Chief Deputy General

2   Counsel in the Department's Office of Legal Affairs.

3       2.    Before August 1, 2008, the OOA received, reviewed, and maintained all offender

4   grievances that were appealed to the final level of review (both health care and non-health care

5   related). Since August 1, 2008, the Inmate Correspondence and Appeals Branch (ICAB) receives,

6   reviews, and maintains all appeals related to health care issues (medical, dental, and mental-

7   health), while the OOA receives, reviews, and maintains all appeals not related to health care

8   issues.

9       3.    When an appeal is received by the OOA, it is assigned a tracking log number and

10  entered into a computer system. The computer system commenced in 1993. An "Appeal History

11  Report" is available in the computer system for each offender. The Appeal History Report

12  includes the following information: the offender's first and last name, the offender's CDCR

13  number, the appeal log number, the appeal issue, the date the appeal was received, the underlying

14  grievance log number (which includes the acronym of the institution or parole region where the

15  underlying grievance arose), the date the appeal is closed, and the final disposition of the appeal.

16      4.    All offender appeals are reviewed by the OOA and screened in or screened out. An

17  appeal is screened in (answered substantively) if it complies with the governing regulations. An

18  appeal is screened out (not answered substantively) if it does not comply with the regulations

19  governing the appeal process. Instead, the appeal is returned with a letter instructing the offender

20  how to cure the deficiency, if the regulations provide for a cure. The Appeal History Report

21  includes appeals that were screened in and screened out; if screened out, the report includes the

22  reason for the screen-out.

23      5.    Decisions by the OOA represent the final level of review in the Department's

24  grievance and appeal process and are rendered on behalf of the Secretary of the Department.

25      6.    I am familiar with the sections of Title 15 of the California Code of Regulations

26  (CCR) that governed during the timeframe relevant to decedent Ryan Madden's (F-62530)

27  appeal. If filing a grievance before June 1, 2020, an offender was required to follow the

28  procedures set forth in CCR, title 15, sections 3084-3085 (repealed effective June 1, 2020). If

2

1  filing a grievance on or after June 1, 2020, an offender is required to follow the procedures set

2  forth in CCR, title 15, sections 3480-3487 (effective June 1, 2020).

3       7.  I am familiar with the record keeping system at the OOA and have access to Mr.

4  Madden's records. The OOA's records of appeals are maintained in the course of the regularly

5  conducted activities of the OOA, and making and maintaining the records is a regular practice of

6  those activities. At the request of the Attorney General's Office, a search of the OOA computer

7  system was conducted on September 21, 2023, under the name of Ryan Madden (Plaintiff),

8  CDCR No. F-62530, for all non-health care related appeals received by the OOA. The resulting

9  Appeal History Report lists all appeals Plaintiff filed with the OOA that were screened in or

10  screened out. A true and correct copy of the Appeal History Report for grievances filed before

11  June 1, 2020, is attached as Exhibit 1. A true and correct copy of the Appeal History Report for

12  grievances filed on or after June 1, 2020, is attached as Exhibit 2.

13       8.  A search was also conducted of the OOA computer system for all non-health care

14  related appeals received by the OOA between December 1, 2016 (the date the alleged incident

15  occurred), and February 22, 2018 (the date Plaintiff filed the operative Complaint). It is my

16  understanding that Plaintiff's operative Complaint alleged that Defendant Hicks used excessive

17  force against Plaintiff on December 1, 2016, at California State Prison, Corcoran, and distributed

18  documents that falsely accused Plaintiff of being a child sex offender in order to retaliate against

19  Plaintiff for filing a grievance regarding the December 1 incident. It is also my understanding that

20  Plaintiff's operative Complaint alleged that Defendant Silva threatened to pursue false

21  disciplinary charges against Plaintiff and to place Plaintiff in administrative segregation if

22  Plaintiff were to file a complaint against Defendant Hicks. Two relevant appeals were found; each

23  is described below.

24       9.  In Appeal Log No. 1704206 (an appeal of Grievance Log No. COR-17-00616),

25  Plaintiff alleged that there were multiple due process errors in the adjudication of a disciplinary

26  action against Plaintiff concerning the December 1, 2016, incident (see Rule Violation Report

27  Log No. 1662330). Specifically, Plaintiff alleged that the CDCR Form 7219 Medical Report of

28  Injury or Unusual Occurrence was not given to Plaintiff more than 24 hours prior to the hearing;

3

that the Senior Hearing Officer denied four witnesses requested by Plaintiff and gave no explanation for the denial; that the video tape recording of the incident was not provided to Plaintiff as evidence; and that the statement given during the disciplinary hearing was not articulated on the final copy of the hearing decision. The OOA denied Appeal Log No. 1704206 on July 25, 2017. A true and correct copy of Plaintiff's appeal and the OOA decision are attached as Exhibit 3.

10.   In Appeal Log No. 1707293 (an appeal of Grievance Log No. COR-17-00137), Plaintiff alleged that Defendant Hicks used excessive force against Plaintiff on December 2, 2016, after which Plaintiff was placed in a holding cage and told by an unnamed Lieutenant that Plaintiff should let the issue die or things would go very badly for him. Plaintiff also alleged that Defendant Hicks or the unnamed Lieutenant threatened to forge documents to make it appear as if Plaintiff was a sex offender. The OOA cancelled Appeal Log No. 1707293 on October 11, 2017, for failure to timely file the allegation at the institutional level. A true and correct copy of Plaintiff's appeal and the OOA decision are attached as Exhibit 4.

11.   Other than the two appeals described above, a review of the OOA computer system and Exhibits 1 and 2 shows that no other appeals were received by the OOA from Plaintiff during the time period described in paragraph 8.

Under the laws of the United States of America, I declare under penalty of perjury that the foregoing statements are true and correct. Executed on October 2, 2023, at Sacramento, California.

DocuSigned by:

*[signature]*

0912AE2B5137449...

HOWARD E. MOSELEY

Associate Director, Office of Appeals

California Department of Corrections and Rehabilitation

SA2020300576
37485129.docx

4

Exhibit 1

California Department of Corrections And Rehabilitation
Inmate Appeals Tracking System Report (Archive)

9/21/2023

**Search Criteria :**

CDC Number : F62530          Issue :                    Issue Subcategory :

**Screened In**

| IAB Number | CDC Number | Appellant Name | Location | Issue | Subcategory | Inst. Log Number |
|---|---|---|---|---|---|---|
| 0802380 | F62530* **Filed:** 4/24/2008 | MADDEN, RYAN **Accepted:** 8/7/2008 | PVSP **Due:** 11/3/2008 | GRIEVANCE AGST STAFF **Closed:** 12/17/2008 | Unprofssnl/Rude/Disrespectful **Disposition:** DENIED | PVSP-08-01266 |
| 1213380 | F62530* **Filed:** 2/20/2013 | MADDEN, RYAN **Accepted:** 10/2/2013 | LAC **Due:** 12/31/2013 | DISCIPLINARY **Closed:** 12/3/2013 | Division D **Disposition:** DENIED | LAC-13-00727 |
| 1403105 | F62530* **Filed:** 4/10/2014 | MADDEN, RYAN **Accepted:** 9/4/2014 | LAC **Due:** 12/2/2014 | PROPERTY **Closed:** 12/1/2014 | Segregation/SHU **Disposition:** DENIED | LAC-14-01353 |
| 1500285(G) | F62530 **Filed:** 2/19/2015 | MADDEN, RYAN **Accepted:** 7/10/2015 | SVSP **Due:** 10/2/2015 | LIVING CONDITIONS **Closed:** 8/10/2015 | Movies/Videos/TV Programming **Disposition:** DENIED | SVSP-15-00986 |
| 1704206 | F62530* **Filed:** 2/2/2017 | MADDEN, RYAN **Accepted:** 5/8/2017 | COR **Due:** 8/2/2017 | DISCIPLINARY **Closed:** 7/25/2017 | Division D **Disposition:** DENIED | COR-17-00616 |
| 1707293 | F62530* **Filed:** 12/22/2016 | MADDEN, RYAN **Accepted:** 7/24/2017 | COR **Due:** 10/17/2017 | GRIEVANCE AGST STAFF **Closed:** 10/11/2017 | Misuse of Force **Disposition:** CANCELLED | COR-17-00137 |

# California Department of Corrections And Rehabilitation
## Inmate Appeals Tracking System Report (Archive)

Case 1:18-cv-00235-ADA-BAM   Document 70-4   Filed 10/03/23   Page 7 of 50

9/21/2023

**Screened Out**

| IAB Number | CDCNumber | Appellant Name | Location | Issue | Subcategory | Inst. Log Number |
|---|---|---|---|---|---|---|
| 0917728 | F62530* **Filed:** 12/16/2009 | MADDEN, RYAN **Received:** 3/8/2010 | PVSP | SEGREGATION HEARINGS **Screened Out:**4/9/2010 | **Reason:** REJECTED | PVSP-10-00055 |
| 0917728 | F62530* **Filed:** 12/16/2009 | MADDEN, RYAN **Received:** 3/8/2010 | PVSP | SEGREGATION HEARINGS **Screened Out:**4/9/2010 | **Reason:** MISSING DOCUMENTATION | PVSP-10-00055 |
| 1213380 | F62530* **Filed:** 2/20/2013 | MADDEN, RYAN **Received:** 6/3/2013 | LAC | DISCIPLINARY **Screened Out:**6/28/2013 | Division D **Reason:** R07 SUPPORTING DOCUMENTS NOT ATTACHED | LAC-13-00727 |
| 1213380 | F62530* **Filed:** 2/20/2013 | MADDEN, RYAN **Received:** 8/19/2013 | LAC | DISCIPLINARY **Screened Out:**9/3/2013 | Division D **Reason:** R00 OTHER (REJECTED) | LAC-13-00727 |
| 1704206 | F62530* **Filed:** 2/2/2017 | MADDEN, RYAN **Received:** 5/8/2017 | COR | DISCIPLINARY **Screened Out:**5/10/2017 | Division D **Reason:** CDCR 22 FORM RESPONSE | COR-17-00616 |
| 1707293 | F62530* **Filed:** 12/22/2016 | MADDEN, RYAN **Received:** 7/24/2017 | COR | GRIEVANCE AGST STAFF **Screened Out:**7/25/2017 | Misuse of Force **Reason:** CDCR 22 FORM RESPONSE | COR-17-00137 |

Exhibit 2

## Grievance and Appeal History

Returns the grievance and appeal history for the provided CDC#.

**Offender Name:** MADDEN, RYAN PATRICK

**CDC #:** F62530

Generated On: 09/21/2023 09:14 AM

| Location Received | Log Number | Claim Number | Grievance Received Date | OOG Category | OOG Subcategory | OOG Logged Date | OOG Printed Date | OOG Mailed/Sent Date | OOG Decision | OOA Received Date | OOA Logged Date | OOA Printed Date | OOA Mailed/Sent Date | OOA Decison | Overall Status Group |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**No Data Available**

Exhibit 3

DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date: JUL 2 5 2017

In re: Ryan Madden, F62530
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

TLR Case No.: 1704206          Local Log No.: COR-17-00616

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner T. Lee, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:**  The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #1662330, dated December 1, 2016, for Willfully resisting a Peace Officer in the performance of duties. It is the appellant's position that there were multiple due process errors in the adjudication of RVR log #1662330. The appellant contends that the mental health evaluation report and the CDC Form 7219, Medical Report of Injury or Unusual Occurrence was not issued more than 24 hours prior to the hearing. The appellant asserts that the Senior Hearing Officer (SHO) denied four witnesses, including the reporting employee, and gave no explanation to the denial. The appellant states that the video tape recording of the incident was not afforded to the appellant as evidence and that the statement given during the RVR hearing was not articulated on the final copy of the RVR. The appellant request the RVR be dismissed for all the reasons listed in section "A" of the appeal; for all behavioral credit to be restored; and to receive monetary compensation due to the violations of due process.

**II  SECOND LEVEL'S DECISION:**  The reviewer found no basis to Grant the appeal. The Second Level of Review (SLR) notes that the RVR was classified as a Division "D" offense, with a date of discovery on December 1, 2016. The SLR identifies that the appellant was provided an initial copy of the RVR on December 11, 2016; which is within time constraints and that the RVR hearing was held within allowable time constraints. The SLR acknowledged the appellant was assigned a staff assistant; however, an investigative employee was not assigned pursuant to California Code of Regulations, Title 15, Section (CCR) 3315(d). The SLR established that the appellant pled not guilty; however the senior hearing officer found the appellant guilty based on a reasonable amount of evidence which established a preponderance of guilt. The SLR contacted the SHO, Correctional Lieutenant (Lt.) F. Munoz. Lt. Munoz reaffirmed what was documented within the RVR that the appellant did not request any witnesses during the hearing. The SLR acknowledged there was no videotape recording of the incident. The SLR noted that the allegations of staff misconduct contained within the appeal are being addressed an appeal Log #CSPC-17-137. The appeal was denied at the SLR.

**III  THIRD LEVEL DECISION:**  Appeal is denied.

**A.  FINDINGS:**  The Third Level of Review (TLR) examined the issues of the appellant's grievance and reaffirms the institution's conclusions as addressed within the SLR. On June 19, 2017, the TLR confirmed with the Corcoran State Prison (COR) appeals coordinator that the appellant was provided a copy of the incident report more than 24 hours prior to the hearing and that the incident report contained a copy of the CDC Form 7219, Medical Report of Injury or Unusual Occurrence. On June 22, 2017, the TLR received information from the SHO that no statement was given by the appellant during the hearing. The TLR notes that the appeals process is not intended to be a forum to introduce new evidence or

factors that were discoverable at the time of the disciplinary hearing. Rather, the process is to ensure the appellant has been afforded all due process and administrative protections. In this case, the TLR finds the appellant was provided appropriate due process and administrative protections in the adjudication of the RVR, and the SHO's finding is consistent with the evidence and substantiates the charge to a preponderance threshold. Therefore, no relief is deemed appropriate at the TLR.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3084.1, 3270, 3315, 3320, 3323, 3380

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

T. LEE, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:     Warden, LAC
        Appeals Coordinator, LAC
        Appeals Coordinator, COR

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

Side I

| JAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| CSP-COR | CSP-Cor 17-00616 | 1 | |

TLR 1704206

*FOR STAFF USE ONLY*

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.   **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Madden, Ryan | F-62530 | 3C01-204 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Disciplinary

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): There were numerous violations of my rights related to RVR#1662330. First, my CDC 7219 from 12-1-16 and Mental Health Eval. Report were never issued to me before or during the hearing, violating §3320(c)(1). Then, on 1-10-17, SHO Munoz denied all attempts to present a defense. He told me to shut up when

B. Action requested (If you need more space, use Section B of the CDCR 602-A): ①For the finding of guilt in RVR Log#01662330 to be reversed; ②For the 90 days of good-time credit, lost as a result of this finding of guilt, to be restored; ③For this RVR to be dismissed based on the failure to issue me with a copy of my CDC 7219 and Mental Health Eval. Report; ④For this

Supporting Documents: Refer to CCR 3084.3.
☑ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

RVR Log#01662330 Final Copy

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: Ryan Madden    Date Submitted: 2-2-17

☐ By placing my initials in this box, I waive my right to receive an interview.

REC BY OOA
MAY 08 2017

| C. First Level - Staff Use Only | | Staff – Check One: Is CDCR 602-A Attached?   ☐ Yes   ☐ No |
|---|---|---|

This appeal has been:
☒ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____ Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
(Print Name)

Reviewer: _____ Title: _____ Signature: _____
(Print Name)

Date received by AC: _____

| AC Use Only |
| Date mailed/delivered to appellant ___ / ___ / ___ |

Moseley Ex. 3 - 003

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHAB~
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)
Side 2

D. If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

*BYPASS*        *BYPASS*        *BYPASS*

Inmate/Parolee Signature: _____   Date Submitted : _____

---

E. Second Level - Staff Use Only                    Staff – Check One: Is CDCR 602-A Attached?  ☒ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☒ Rejected (See attached letter for instruction) Date: 2/7/17   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: HC                Title: _____   Date Assigned:  FEB 17 2017   Date Due: 4/5/17

Second Level Responder:  Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview : 2/27/17              Interview Location: 3CO1 Podium

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
                    See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: M.L. Oliveira      Title: CCII      Signature: _____   Date completed : 3/17/17
            (Print Name)

Reviewer: M. SEXTON          Title: CDW      Signature: _____

Date received by AC: _____                                        4/5/17

                                        AC Use Only
                                        Date mailed/delivered to appellee ▬▬▬

---

F. If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

The reviewer claimed that I said I had nothing to add to my original report in her "interview" with me, However, when she came to "interview" me, I had just transpacked all of my property the day before, I told her since I didn't have any of my documents or Notes, let alone a copy of the appeal, because it had been transpacked, I was not prepared to participate in an interview, I asked

Inmate/Parolee Signature: Ryan Modd              Date Submitted: 4-27-17

---

G. Third Level - Staff Use Only  PostM. 5/8/17, oo sign 5/2/17
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted   ☐ Granted in Part   ☒ Denied   ☐ Other: _____
   See attached Third Level response.

                                        Third Level Use Only
                                        Date mailed/delivered to appellant ____/____/____

---

H. Request to Withdraw Appeal:  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

**Moseley Ex. 3 - 004**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)
Side 1

CSP-CORCORAN

IAB USE ONLY   Institution/Parole Region:   Log #: 17-616   Category: 1

1704206

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Madden, Ryan | F-62530 | 3C01-204 | |

A. Continuation of CDCR 602, Section A only (Explain your issue): I tried to give a defense statement after pleading NOT GUILTY, in direct violation of my right to present a defense under Wolff v. McDonnell, 418 U.S. 539, 564 (1974). Then, despite requesting four witnesses (Reporting Employee Hicks, the nurse involved, and the two IAC members who witnessed and reported Hicks for beating me), the SHO flatly told me no, without reason, violating Wolff, §3315(e)(4), and §3315(e)(2). Further, when I requested that all video footage from the cameras on Facility 3B, showing what took place between 8:45 pm - 9:05 pm on 12-1-16 (which would prove that the charges against me were false), be reviewed, the SHO told me to "shut the hell up before you end up in worse shape." In addition, a review of the hearing report shows that the SHO relied upon a report from S6 Hicks dated 8-26-16, from RVR Log# 01285732. This violates my right to proper notice of the charges and evidence against me under §3320(a), as this is evidence from an RVR that doesn't involve me. Finally, the SHO's extreme bias is demonstrated by his falsification of the hearing report. The only true fact recorded is my Not Guilty plea. After that, the SHO goes on to falsely claim (1) that I declined to make a statement; (2) that I didn't request witnesses; and (3) he omits any reference to my request for video footage of the incident. These deliberate lies prove the SHO's bias, violating my rights under §3320(h). It defies common sense that I would plead Not Guilty, but then fail to utter a single word in my own defense, or that I would decline any witnesses while never having signed any witness waiver. None of it makes sense because the hearing report is a fabrication of the SHO's design, in an attempt to cover up the gross violations of my rights.

Inmate/Parolee Signature: Ryan Madden          Date Submitted: 2-2-17

B. Continuation of CDCR 602, Section B only (Action requested): RVR to be dismissed based on the SHO preventing me from providing a defense statement; (5) For this RVR to be dismissed based on the SHO's denial of my requested witnesses, without justification; (6) For this RVR to be dismissed based on the SHO's refusal to review or show me the video footage documenting the incident from 12-1-16; (7) For this RVR to be dismissed based on the SHO's reliance on a report written by S6 Hicks on 8-26-16 for RVR Log# 01285732, which had nothing to do with my RVR # Log# 0166 2330; (8) For this RVR to be dismissed based on the SHO's blatant bias, demonstrated by his violation of my rights and falsification of the hearing report; (9) If the RVR is not dismissed, for it to be ordered Reissued/Reheard, and that I be provided with all of my constitutional rights at any new hearing; and (10) For monetary damages as compensation for the SHO's violation of my Due Process rights.

Inmate/Parolee Signature: Ryan Madden          Date Submitted: 2-2-17

STATUS USE ONLY

FEB 7 2017
FEB 16 2017

REC BY OOA
MAY 08 2017

Moseley Ex. 3 - 005

STATE OF CALIFORNIA                                                                                DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)                                                                                                                    Side 2

D.  Continuation of CDCR 602,  Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____        Date Submitted: _____

F.  Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): her if she could please postpone it for those reasons. She refused me, and I then told her that I couldn't add anything right then because I wasn't prepared. The bottom line is, the whole Corcoran institution does whatever they feel like doing, regardless of proper procedure, which is why incidents like this happen. The Hearing Officer in this case refused me witnesses mainly because not of them were on duty the day of the hearing, and they waited until the very last day to conduct the hearing. Had they postponed it any longer they wouldn't have met the time constraints. So he put his interests before my due process rights. Then the appeals coordinator tried to conduct an interview with me when I was transported and unable to adequately participate. As a third level reviewer, please pay attention to my claims in section A. This SHO basically denied me everything I was supposed to get. This all started because of an incompetent nurse who was looking in the wrong section of the drawer for my pills, which are night meds that if I don't take them I won't go to sleep at ALL. No sleep. I was absolutely not arguing, I was simply asserting my perspective. What happened was her ego. She told me "So you're trying to tell me how to do my job?!" She had a bruised ego, and she characterized the conversation as argumentative when it simply was not. She took a personal offense and decided to use her power to retaliate.

Inmate/Parolee Signature: _____        Date Submitted: 4/27/17

Moseley Ex. 3 - 006

DIVISION OF ADULT INSTITUTIONS

CALIFORNIA STATE PRISON - CORCORAN
P.O. Box 8800
Corcoran, CA 93212



March 17, 2017

Inmate Madden, F62530
Re:    **SECOND LEVEL APPEAL RESPONSE**
       Log # CSPC-4-17-00616
       Issue: DISCIPLINARY

**DECISION: Denied**.

You are submitting this appeal relative to CDCR Form 115, Rules Violation Report (RVR), Log# 1662330 dated December 1, 2016, for "Willfully resisting a Peace Officer in the performance of duty". You claim there is insufficient evidence to support the charge and finding of guilt.

In reaching a decision on this appeal, the CDCR-602 and its attachments, applicable sections of the California Code of Regulations (CCR) Title 15, the Department Operations Manual (DOM), were all reviewed and considered.

A review of the Disability and Effective Communication System (DECS) indicates that your TABE score is above 4.0. A review of DECS shows you do not have a documented disability which requires special accommodation to achieve effective communication. During your interview with M.L. Oliveira, Correctional Counselor II on February 27, 2017, you were afforded the opportunity to fully explain your appeal and provide any additional information. You stated you had nothing further to clarify. Effective communication was established by using simple English spoken clearly and slowly. You reiterated in your own words what was explained and answered questions appropriately. D. Goree, Correctional Counselor II, acknowledge effective communication was achieved due to your manner and interaction which indicated you completely understood.

The rules governing this issue are:

CCR, Title 15, section §3005 (d) (1): Force or Violence.

You received the above noted RVR which was classified as a Division D offense. The discovery date of the RVR was December 1, 2016. You received your copy on December 11, 2016, within 15 days of the date of discovery.

You appeared before the Senior Hearing Officer (SHO) for your disciplinary hearing on January 10, 2017. You received or were shown all documents to be considered as evidence at least 24 hours prior to your hearing. The SHO noted at the time of the hearing you were a participant of the Mental Health Services Delivery System (MHSDS) at EOP level of care. The SHO noted you do meet the criteria for assignment of a Staff Assistant (SA) per CCR, Title 15, Section 3315 (d) (2). The SHO documented that you do not meet the criteria for assignment of an Investigative Employee (I.E.) per CCR, Title 15, section 3315(d) (1). There was no videotape recording of this incident. Confidential information was not used in the adjudication of this RVR. The SHO documented you read the charges and acknowledged you understood the charge filed against you. You entered a plea of not guilty and declined to make a statement as outlined within

**Moseley Ex. 3 - 007**

Second Level Response
Madden, CDCR #F62530
CSPC-4-17-00616
Page 2

the RVR. The SHO found you guilty of "Willfully resisting a Peace Officer in the performance of duty", a Division D offense based upon the preponderance of evidence. The preponderance of evidence consisted of the reporting employee's written report authored by Correctional Officer D. Hicks. On January 17, 2017, the Chief Disciplinary Officer confirmed the finding of guilt and the disposition of the Serious Rules Violation Report (RVR).

You contend the RVR should be dismissed noting your due process rights were violated.

A review of the RVR indicates on December 1, 2016, during the EOP Hour of Sleep (HS) Medication Pass inside the EOP Clinic you became argumentative with the psychiatric technician (PT) issuing your medication. You was ordered to leave the clinic by medical staff, but refused. Officer D. Hicks ordered you to exit the clinic, and after cursing at clinic staff, you left the clinic. Once outside, you refused to leave the area and return to your assigned cell until you "talked to someone". Officer D. Hicks informed you it was nearly count time and you needed to return to your assigned cell. You refused once again to return to your cell. Officer D. Hicks ordered you to turn around and submit to being placed in handcuffs, which you complied. Once Officer D. Hicks begin to escort you back to your assigned cell you stated "I aint going anywhere" and tensed up your upper body. Officer R. Billings grabbed your right arm with his left hand and Officer D. Hicks again informed you he was going to escort you back to your assigned cell. You took a few steps towards 3B01, and then while still in the grasp of Officer Billings and Officer D. Hicks, began lunging forward as if to break free from their grasp. You lunged forward a second time causing Officer Billings and Officer D. Hicks to use their combined body weight to force you to the ground in order to prevent you from breaking free of our escort. Contact was made with Lt. F. Munoz regarding your contention that you requested the reporting employee, the involved nurse and two Inmate Advisory Committee (IAC). The SHO reaffirmed what was documented within your RVR that you did not request witnesses at your hearing. It is also noted that your issue regarding staff misconduct is being addressed within appeal Log# CSPC-3-17-00137.

Your contentions are without merit noting you have provided no substantiation to support your claim. The Second Level Review (SLR) finds the SHO relied upon a reasonable amount of evidence in establishing a preponderance of your guilt. Your requested action is **DENIED** at the SLR.

M. Sexton
Chief Deputy Warden
California State Prison – Corcoran
cc: Central File
    Appeal File



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

ILB:118B34E1-6CA1-4F6D-BF30-D635A45EA2A7

# RULES VIOLATION REPORT

| CDC NUMBER F62530 | INMATE'S NAME MADDEN, RYAN P. | EPRD 03/29/2021 | FACILITY COR-Facility 03B | HOUSING LOCATION COR-03B - 03B001 2 - 217001L |
|---|---|---|---|---|

| VIOLATION DATE 12/01/2016 | VIOLATION TIME 20:55:00 | VIOLATION LOCATION COR-Facility 03B - RVR - YARD | | WITH STG NEXUS No |
|---|---|---|---|---|

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

## CIRCUMSTANCES OF VIOLATION

On Thursday, December 1st, 2016, at approximately 2055 hours, I was monitoring the Enhanced Out Patient (EOP) Hour of Sleep (HS) Medication Pass inside the EOP Clinic when Inmate Madden F62530 (3B01-217L) became argumentative with the psychiatric technician (PT) issuing his medication. Madden was ordered to leave the clinic by medical staff, but he refused. I ordered Madden to exit the clinic, and after cursing at clinic staff, he left the clinic. Once outside, Madden refused to leave the area and return to his assigned cell until he "talked to someone". I informed Madden it was nearly count time and he needed to return to his assigned cell. Madden again refused to return to his cell. I ordered Madden to turn around and submit to being placed in handcuffs, which he complied. I grabbed his left bicep with my right hand and told him I was going to escort him to his assigned cell. Madden said "I aint going anywhere" and tensed up his upper body. Officer R. Billings grabbed Maddens right arm with his left hand and I again told him he was going to be escorted to his assigned cell. Madden took a few steps towards 3B01, then while still in the grasp of Officer Billings and I, began lunging forward as if to break free from our grasp. Madden lunged forward a second time causing Officer Billings and I to use our combined body weight to force him to the ground in order to prevent him from breaking free of our escort. Specifically, I maintained a grip of Maddens left bicep with my right hand, and placed my left hand on his left shoulder. I forced Maddens shoulder forward and down towards the ground. Once on the ground, Officer Billings called for a code one response on his institutional radio, and we used our body weight to maintain Madden, who was thrashing his body from side to side, in a prone position until responding staff arrived. Due to my positioning at Maddens shoulder and upper torso I was unable to see exactly where Billing's hands were placed while using his body weight to keep Madden in a prone position. As responding staff arrived, Sergeant M. Harris instructed Officer Billings and I to relinquish custody of Madden to them, which we did. This concludes my involvement in this incident.

| REPORTING EMPLOYEE D. Hicks | TITLE C/O | ASSIGNMENT | RDO | DATE: 12/09/2016 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000001662330  VIOLATED RULE NUMBER:  3005(d)(1)

SPECIFIC ACT:  Willfully resisting a Peace Officer in the performance of duty

CDC NUMBER: F62530 NAME: MADDEN, RYAN P. LOG#: 000000001662330   Page 1 of 4

Moseley Ex. 3 - 009

CLASSIFICATION

LEVEL:  Serious                           OFFENSE DIVISION:  Division D

REFERRED TO:  Disciplinary Committee      FELONY PROSECUTION LIKELY:  No

| REVIEWING SUPERVISOR<br>M. Harris | TITLE<br>sgt | DATE<br>12/10/2016 |
|---|---|---|

| CLASSIFIED BY<br>J. Amaya | TITLE<br>Lieutenant | DATE<br>12/10/2016 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT

Moseley Ex. 3 - 010

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

DEPARTMENT OF CORRECTIONS
PAGE

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|------------|---------------|------------|-------------|--------------|
| F62530 | MADDEN | 1662330 | CSP-CORCORAN | 12 11 2016 |

| SUPPLEMENTAL | CONTINUATION OF: | CDC 115 CIRCUMSTANCES | HEARING | I.E .REPORT | X OTHER Staff Assistant |
|---|---|---|---|---|---|

On **12/11/2016**, at **1700** hours as the assigned Staff Assistant I, **D. RUTLEDGE** met with Inmate **MADDEN** and advised him I was assigned as the Staff Assistant for Rules Violation Report Log Number# **1662330** issued to the inmate, for the specific act of  **WILLFULLY RESISTING A PEACE OFFICER IN THE PERFORMANCE OF DUTY** stated he did not have any objections to my serving as his Staff Assistant. I informed him of the charges being brought against him and explained the possible penalties if he is found guilty. I explained the procedures that will be followed at the Disciplinary Hearing to ensure his position is understood. I discussed the inmate's side of the story, and I informed him of his right to confidentiality pursuant to CCR# 3318(b), and if requested, all information revealed to me would not be divulged to any unauthorized person. I explained his rights concerning this hearing and that I would be present at the hearing to aid him understanding the decisions reached and his position will be discussed during the hearing. Inmate **MADDEN** stated he understood everything that I explained to him and that he is ready to proceed with the hearing.

☐ Non-DDP inmate below information is non-applicable

☐ DDP Inmate the following information applies:

Inmate _____ is a participant in the Developmental Disability Program (DDP), at the _____ level of care. A review of the CDC 128-C2, recommendation for Adaptive Support, dated _____ which is located in the Housing Unit DDP (Clark) Binder, reflects the inmate requires the following adaptive supports:

- 
- 
- 
- 

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED | |
|---|---|---|---|
| D. RUTLEDGE | C/O | 12/11/2016 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: 12/11/2016 | TIME SIGNED: 1700 Hrs. |

Moseley Ex. 3 - 011

**Name: MADDEN, RYAN P.**                                    **CDC #: F62530  PID #: 11586651**

Curr. Loc: COR-Fácility 03A          Control Date: 03/29/2021          Ctl. Date Type: EPRD
Area/Bed: 03A004 2-226001L     Housing Pgm.: Administrative Seg...          Job Title: Unassigned
Custody: Medium (A)             Security Level: Level 4 (95)          WK/PV Group: A1/A
DOB: 08/31/1986 (30)               Ethnicity: White (RE/)          TABE (Read): 12.9
DDP: NCF                          Mental Health: EOP                    DPPV: None

Moseley Ex. 3 - 012



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER<br>F62530 | INMATE'S NAME<br>MADDEN, RYAN P. | EPRD<br>03/29/2021 | FACILITY<br>COR-Facility 03B | HOUSING LOCATION<br>COR-03B - 03B001 2 - 217001L |
|---|---|---|---|---|
| VIOLATION DATE<br>12/01/2016 | VIOLATION TIME<br>20:55:00 | VIOLATION LOCATION<br>COR-Facility 03B - RVR - YARD | | |

---

INMATE NOTIFICATION

| POSTPONEMENT OF DISCIPLINARY HEARING | | |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE | DATE |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE | DATE |

| STAFF ASSISTANT | | |
|---|---|---|
| ☒ REQUESTED   ☐ WAIVED BY INMATE | INMATE SIGNATURE | DATE |

| INVESTIGATIVE EMPLOYEE | | |
|---|---|---|
| ☐ REQUESTED   ☒ WAIVED BY INMATE | INMATE SIGNATURE | DATE |

WITNESSES ⟶

Dyes    No

× Ryan Madden

DATE 12-11-16

**Moseley Ex. 3 - 013**

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

3LOL-204U

# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: California State Prison, Corcoran | Facility: COR-Facility 03B | Log Number: 000000001662330 |
| Inmate Name: MADDEN, RYAN P. | CDC #: F62530 | Bed Number: COR-03B - 03B001 2 - 217001L |
| TABE Score: 12.9 | Mental Health LOC: EOP | DDP Designation: NCF |

## DUE PROCESS

Rule Violation #: 3005(d)(1)     Specific Act: Willfully resisting a Peace Officer in the performance of duty

Level: Serious     Offense Division: Division D

Offense Occurrence: 1st Occurrence

Violation Date: 12/01/2016     Violation Time: 20:55:00

Hearing Date: 01/10/2017     Hearing Time: 16:00:07

| Actions Taken | | | | |
|---|---|---|---|---|
| Date | Time | Type/Reason | Staff | Elapsed Days |
| 12/09/2016 | 19:49:23 | RVR Ready for Review by Supv. | D. Hicks | 8 |
| 12/10/2016 | 09:18:41 | RVR Approved by Supervisor | M. Harris | 9 |
| 12/10/2016 | 14:16:51 | RVR Classified | J. Amaya | 9 |
| 12/11/2016 | 15:13:23 | Notice of Pending Charges Sent to Rcds. | E. Moreno | 10 |
| 12/11/2016 | 15:13:34 | MH Assessment Requested | E. Moreno | 10 |
| 12/11/2016 | 15:13:45 | SA Assigned | E. Moreno | 10 |
| 12/11/2016 | 15:16:12 | SA Report Prepared | D. Rutledge | 10 |
| 12/11/2016 | 21:04:40 | Inmate Copy Served Initial Rules Violation Report | E. Moreno | 10 |
| 12/11/2016 | 21:05:23 | Inmate Copy Served Other | E. Moreno | 10 |
| 12/11/2016 | 21:06:38 | Other - See Comments | E. Moreno | 10 |
| 12/11/2016 | 21:08:03 | Inmate Copy Served | E. Moreno | 10 |

Offense Occurrence:                 CDO Summary: Affirming The Hearing Results

**Comments:**

### DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 90 Days | No | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | 0 | Yes | ☐ | ☐ | ☐ | ☑ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 10 Days | No | ☐ | ☐ | ☐ | ☐ | 01/10/2017 | 01/21/2017 |
| Day Room Privileges | 0 | Yes | ☐ | ☐ | ☐ | ☑ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | 0 | Yes | ☐ | ☐ | ☐ | ☑ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting | | | ☐ | ☐ | ☐ | ☐ | | |

| Privileges | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| B. Odle | |
|---|---|

TITLE:        DATE:
CDO          01/17/2017

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

STATE OF CALIFORNIA
**Rules Violation Report:**
**Mental Health Assessment**
CDCR 115-MH-A (Rev. 12/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Form: Page 1 of 6
Instructions: Page 7 - 12

| A CDC 115, Rules Violation Report (RVR), has been written on the following inmate, who requires a mental health assessment. |
|---|

| Section I. | | | | | 3B02-239 |
|---|---|---|---|---|---|

Inmate Name: MADDEN | CDCR #: F62530 | Housing: 3B01-217L

Specific Act:  WILLFULLY RESISTING A PEACE OFFICER IN THE PERFORMANCE OF DUTY

Could this offense result in a SHU term?  ☐Yes  ☒No | RVR Log #:  1662330 | Date of Violation: 12/01/2016

The inmate's mental health level of care at the time of the offense (check one):

☐Not in MHSDS Program 1    ☐CCCMS 1,2    ☒EOP    ☐MHCB    ☐ICF/Acute/PIP

The inmate's current mental health level of care (check one):

☐Not in MHSDS Program 1    ☐CCCMS 1,2    ☒EOP    ☐MHCB    ☐ICF/Acute/PIP

1 Non-MHSDS and CCCMS program participants will be referred for a mental health assessment for behavior that is bizarre or unusual for any inmate, or is uncharacteristic for this inmate.
2 CCCMS program participants will be referred for a mental heath assessment for Division A, B, or C offenses or any offense that may result in a Security Housing Unit (SHU) term.

Developmental Disability Program Designation (check one):

☒NCF    ☐NDD    ☐DD1    ☐DD2    ☐DD3

The inmate was referred for a mental health assessment for the following reason(s) (check all that apply):

☒MHSDS participant at the EOP or higher level of care (MHCB, ICF/Acute/PIP).

☐DDP participant at the DD1, DD2, or DD3 level of care.

☐Alleged behavior involved indecent exposure or sexual disorderly conduct.

☐Alleged behavior was bizarre or unusual for any inmate.

☐Alleged behavior was uncharacteristic for this inmate.

☐Alleged behavior represents a Division A, B, or C offense or any offense that may result in a SHU term (CCCMS inmates only).

| Date sent to mental health: 12-11-2016 | By (print name/signature): E. MORENO |
|---|---|
| Date received by mental health: 12/19/16 | By (print name/signature): Elsa P. Cox |
| Return this form by (date): ~~12-18-2016~~  12/26/16 | |

Timelines:  Custody has two (2) calendar days from the date information leading to the charges is discovered by staff to submit this CDCR 115-MH-A to mental health; mental health has eight (8) calendar days to return this completed CDCR 115-MH-A to custody.

**Rules Violation Report:**
**Mental Health Assessment**
**CDCR 115-MH-A (Rev. 12/15)**

DISTRIBUTION - Original: Case Records with Adjudicated RVR. Copy: Inmate
SCANNING LOCATION - Outpatient; MHNt/TxPln - Evaluations/Reports



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**Rules Violation Report:**
**Mental Health Assessment**
Form: Page 2 of 6
CDCR 115-MH-A (Rev. 12/15)
Instructions: Page 7 - 12

| Section II. |
|---|

The interview was conducted in a private location:   ☐ Yes   ☒ No         Date: 12/22/16
If No, explain:

The inmate was informed of the purpose of the assessment and the information shared during the interview is **not** confidential and will be used in adjudicating the RVR.   ☒ Yes   ☐ No

If No, explain: IP was informed of the limits of confidentiality.

Data source(s) for this evaluation:
☒ Health Care Record      ☐ Adaptive Supports form      ☐ PC Consultation      ☒ SOMS      ☒ ERMS

☒ Other:   eUHR                               ☐ Staff Consultation:

1. CCCMS/NON-MHSDS ONLY. Are there any mental health factors that would cause the inmate to experience difficulty in understanding the disciplinary process and representing his/her interests in the hearing that would indicate the need for assignment of a staff assistant (do not rely on TABE score alone)?

☐ Yes   ☐ No

Provide rationale:
IP is EOP level of care therefore a staff assistant is required.

| 1. Disability Code: | 2. Accommodations: | 3. Effective Communication: | | |
|---|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional Time | ☒ P/I asked questions | CDCR #:   F62530 | |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment   ☐ SLI | ☒ P/I summed information | | |
| ☐ DPS ☐ DNH | ☒ Louder   ☐ Slower | Please check one: | Last Name: Madden | MI: |
| ☐ DNS ☐ DDP | ☒ Basic   ☐ Transcribe | ☐ Not Reached* ☒ Reached | First Name: Ryan | |
| ☒ Not Applicable | ☐ Other* | *See chrono/notes | DOB:     8.31.86 | |
| 4. Comments:  12.9 NCF | | | | |

DISTRIBUTION - Original: Case Records with Adjudicated RVR  Copy: Inmate
SCANNING LOCATION - Outpatient; MHNt/TxPln - Evaluations/Reports

Moseley Ex. 3 - 018

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**Rules Violation Report:**
**Mental Health Assessment**                                                      Form: Page 3 of 6
CDCR 115-MH-A (Rev 12/15)                                                     Instructions: Page 7 - 12

| Section II. (continued) |
|---|

2.   In your opinion, was the inmate's behavior so *strongly influenced* by symptoms of a (a) *mental illness* and/or (b) *developmental disability/cognitive or adaptive functioning deficits* that the inmate would be better served by documenting this behavior in an alternate manner?  If Yes: (1) provide a rationale that establishes a nexus between mental health symptoms or developmental disability/cognitive or adaptive functioning deficits and the behavior; (2) consult with the Program Supervisor; and (3) consult with  the Chief of Mental Health (or designee), when applicable. If No, go to Question 3.

a) Mental illness:

☐ Yes      ☒ No

Assessing clinician's rationale:

There is sufficient evidence that mental illness did not provide the nexus between the behavior in question and the RVR.

---

I agree with the assessing clinician's recommendation: ☐ Yes        ☐ No

Consulting Program Supervisor's rationale:

| Title: | Print Name: | Date: | Signature: |
|---|---|---|---|
| Consulting Program Supervisor | | | |

I recommend documenting this behavior in an alternate manner: ☐ Yes        ☐ No

Chief of Mental Health's (or designee) rationale:

| Title: | Print Name: | Date: | Signature: |
|---|---|---|---|
| Chief of Mental Health (or designee) | | | |

Final determination: ☐ Yes      ☐ No

| **Rules Violation Report:** **Mental Health Assessment** CDCR 115-MH-A (Rev. 12/15) Confidential Inmate Information | CDCR #:   F62530 Last Name: Madden              MI: First Name: Ryan DOB:      8.31.86 |
|---|---|

**DISTRIBUTION** - Original: Case Records with Adjudicated RVR  Copy: Inmate
**SCANNING LOCATION - Outpatient**; MHNt/TxPln - Evaluations/Reports

Moseley Ex. 3 - 019

STATE OF CALIFORNIA
**Rules Violation Report:** .
**Mental Health Assessment**
CDCR 115-MH-A (Rev. 12/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Form: Page 4 of 6
Instructions: Page 7 -12

| Section II (continued) |
| --- |

| b) Developmental disability/cognitive or adaptive functioning deficits: |
| --- |

☐ Yes   ☒ No

Assessing clinician's rationale:
IP does not have a developmental disability.

---

I agree with the assessing clinician's recommendation: ☐ Yes    ☐ No

Consulting Program Supervisor's rationale:

| Title: | Print Name: | Date: | Signature: |
| --- | --- | --- | --- |
| Consulting Program Supervisor | | | |

I recommend documenting this behavior in an alternate manner: ☐ Yes   ☐ No

Chief of Mental Health's (or designee) rationale:

| Title: | Print Name: | Date: | Signature: |
| --- | --- | --- | --- |
| Chief of Mental Health (or designee) | | | |

Final determination: ☐ Yes    ☐ No

| **Rules Violation Report:** **Mental Health Assessment** **CDCR 115-MH-A (Rev. 12/15)** Confidential Inmate Information | CDCR #:  F62530 Last Name: Madden           MI: First Name: Ryan DOB:     8.31.86 |
| --- | --- |

**DISTRIBUTION** - Original: Case Records with Adjudicated RVR  Copy: Inmate
**SCANNING LOCATION** - **Outpatient;** MHN/TxPln - Evaluations/Reports

Moseley Ex. 3 - 020

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Rules Violation Report:**
**Mental Health Assessment**                                        Form: Page 5 of 6
CDCR 115-MH-A (Rev. 12/15)                                          Instructions: Page 7 - 12

---

**Section II (continued)**

3. In your opinion, is there evidence to suggest that (a) *mental illness* and/or (b) *developmental disability/cognitive or adaptive functioning deficits* contributed to the behavior that led to the RVR? If Yes, establish a nexus between mental health symptoms or developmental disability/cognitive or adaptive functioning deficits and the behavior.

**a) Mental illness:**

☐ Yes   ☒ No

Provide rationale:
There is sufficient evidence that mental illness did not provide the nexus between the behavior in question and the RVR.

**b) Developmental disability/cognitive or adaptive functioning deficits:**

☐ Yes   ☒ No

Provide rationale:
IP does not have a developmental disability.

4. If the inmate is found guilty of the offense, what mental health factors and/or developmental disability/cognitive or adaptive functioning deficits should the hearing officer or senior hearing officer consider when assessing the penalty, such as penalties that may have an adverse impact on the inmate's stability?

Examples of penalties include, but are not limited to, changes and reduction in, phone calls, visits (when permissible), day room, confined to quarters, loss of packages; loss of yard time, loss of appliances, etc.

Provide your recommendation and rationale:

It does appear there are mental health factors that the hearing officer should consider in assessing the penalty for the RVR. Please consider IP's EOP level of care, thus penalties should not interfere with his ability to participate in mental health treatment. If permissible please consider allowing inmate to keep family visits and family phone calls as this will help reduce his mental health symptoms.

| **Rules Violation Report:** **Mental Health Assessment** **CDCR 115-MH-A (Rev 12/15)** Confidential Inmate Information | CDCR #:   F62530 |
| --- | --- |
| | Last Name: Madden          MI: |
| | First Name: Ryan |
| | DOB:       8.31.86 |

DISTRIBUTION - Original: Case Records with Adjudicated RVR  Copy: Inmate
SCANNING LOCATION - Outpatient; MHN/TxPln - Evaluations/Reports

Moseley Ex. 3 - 021

STATE OF CALIFORNIA
**Rules Violation Report:**
**Mental Health Assessment**
CDCR 115-MH-A (Rev. 12/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Form: Page 6 of 6
Instructions: Page 7 - 12

Section II. (continued)

5.  SHU OFFENSE ONLY (see box on pg. 1 to determine if applicable). If the inmate is found guilty of the offense, are there any mental health factors and/or developmental disability/cognitive or adaptive functioning deficits that Institutional Classification Committee should consider when assessing a SHU term?

Provide your recommendation and rationale:

N/A

6.  DDP PARTICIPANTS ONLY. Does the inmate exhibit on-going behavior leading to disciplinary infractions that appears related to developmental disability/cognitive or adaptive functioning deficits? If Yes, refer inmate to the DDP Clinician for assistance in assessing the causes of the behavior and creating an intensive behavior modification plan.

☐ Yes   ☒ No   If Yes, complete a CDCR Form 128 MH-5, Mental Health Referral Chrono.

Did you consult with the DDP Clinician? ☐ Yes   ☒ No   Document consultation on a Developmental Disabilities Progress Note.

Provide rationale:
N/A

E. Hansen, Ed.D.
CSP-Corcoran

| Title: | Phone Ext.: | Print Name: | Date: | Signature: |
|---|---|---|---|---|
| Clinician | 5037 | Hansen E Ed.D | 12/22/2016 | DY. Morgan |
| Received by (Custody staff) | | | | |

| **Rules Violation Report:** **Mental Health Assessment** CDCR 115-MH-A (Rev. 12/15) Confidential Inmate Information | CDCR #:  F62530 Last Name: Madden          MI: First Name: Ryan DOB:      8.31.86 |
|---|---|

DISTRIBUTION - Original: Case Records with Adjudicated RVR  Copy: Inmate
SCANNING LOCATION - Outpatient; MHNt/TxPln - Evaluations/Reports

Moseley Ex. 3 - 022

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Tuesday, February 7, 2017*

*MADDEN, F62530*
*03C001 2204001U*

DISCIPLINARY, , 02/07/2017
Log Number: CSPC-4-17-00616
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

*Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:*

*Your appeal is dated 2/2/2017. You must attach pages 9 & 10 of your RVR and resubmit within 30 days for further consideration.*

☒ M. Oliveira, CCII Appeals Coordinator
☐ M. Ledezma, AGPA
☐ K. Cribbs, AGPA
☐ D. Goree Jr, CCII
Appeals Coordinator
Corcoran State Prison

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

I have attached pages 9:10 for this appeal.

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.
**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

**Moseley Ex. 3 - 023**

Location: COR

Department of Corrections and Rehabilitation                    CDCR Appeal Number: 1704206

# INMATE APPEALS PROCESSING FORM

Name: MADDEN, RYAN                    Number: F62530                    Now At: LAC

Institution Log No: COR-17-00616

Date Accepted: 05/08/2017    Due Date: 08/02/2017    Date Closed:

NATURE OF COMPLAINT: DISCIPLINARY

===============================================================================
NOTES:

===============================================================================
[ ] ACCESS TO MEDICAL FILES:  I hereby authorize access to my medical files
        by the assigned Appeals Examiner as necessary to investigate the issues
        which I am appealing in this case.

Signed: _____    Date: _____

Witness: _____    Date: _____

[ ] REQUEST TO WITHDRAW APPEAL:  I request that this appeal be withdrawn
        from consideration at the Director level of review because:

_____

_____

_____

Signed: _____    Date: _____

Witness: _____    Date: _____

===============================================================================
REFERRAL: Appeals Examiner:

Inmate Interviewed:    YES         NO

Date Interviewed:_____

===============================================================================
OUTCOME: 1. Granted         3. Denied        5. Withdrawn

2. Granted In Part    4. Cancelled

Moseley Ex. 3 - 024

Inmate Appeals Branch

# EXAMINER WORKSHEET
(Chronological Summary)

| Date / Time | Comments / Notes | | EXAMINER Initials |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

IAB Examiner Worksheet.doc

| AL | AL | | | | |
|---|---|---|---|---|---|
| Logged-In | Foldered | Reviewed | Closed | Other_____ | Other_____ |

Moseley Ex. 3 - 025

# RESEARCH

# INFORMATION

# ONLY!!!!!



# DO **NOT** SEND

# WITH

# CORRESPONDENCE

Moseley Ex. 3 - 026

**Lee, Tony D@CDCR**

| | |
|---|---|
| **From:** | Goree, Duane@CDCR |
| **Sent:** | Thursday, June 22, 2017 9:07 AM |
| **To:** | Lee, Tony D@CDCR |
| **Subject:** | RE: Lt. Munoz?? |

Lt. Munoz stated the inmate declined to make a statement during the hearing.

D. Goree, CCII
Appeals Coordinator
CSP-Corcoran
559-992-8800 Ext. 5660



**From:** Lee, Tony D@CDCR
**Sent:** Wednesday, June 21, 2017 10:30 AM
**To:** Goree, Duane@CDCR
**Subject:** Lt. Munoz??

Is he in today?

**T. LEE**
**Captain**
**Office of Appeals**
**Desk: 916-255-0663**

1

Exhibit 4

DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

Date:   OCT 11 2017

In re:   Ryan Madden, F62530
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

TLR CASE NUMBER:   1707293
LOCAL LOG NO.:   COR-17-00137

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner T. Lee, Captain.

The appellant is appealing a Staff Complaint issue. The appellant's issue surrounds an incident which occurred on December 1, 2016, which involves the allegation of the misuse of force. The appeal, CDCR Form 837, Crime/Incident Report (Parts A, B, & C), Institutional Executive Review Committee report, and the Attachment "C" was reviewed. The Office of Appeals finds the appeal was not received by the California State Prison, Corcoran appeals office until January 5, 2017; which is beyond allowable time constraints to submit the appeal.

The TLR notes the appellant was afforded a decision at the Second Level of Review; however, the appellant is advised CCR 3084.6(a)(5) states, "Erroneous acceptance of an appeal at a lower level does not preclude the next level of review from taking appropriate action, including rejection or cancellation of the appeal."

This appeal is being cancelled in accordance with California Code of Regulations, Section 3084.6, Rejection, Cancellation, and Withdrawal Criteria.

Pursuant to CCR 3084.6(e), once an appeal has been cancelled, the appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal of the cancellation is granted.

M. VOONG, Chief
Office of Appeals

cc:   Warden, LAC
Appeals Coordinator, LAC
Appeals Coordinator, COR

1707293

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

CSP·COR 17·00137 7

MM·TLR M07293

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, _only_ one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**     **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Madden, Ryan | F-62530 | 3A04-226 | |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Staff Complaint

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): On 12-2-16, C/O. Hicks used unnecessary/excessive force against me, causing great bodily injury. That day I was in the pill line for evening meds when the nurse said there were no meds for me. I told her that I get evening meds everyday and asked her to double check. She became hostile,

B. Action requested (If you need more space, use Section B of the CDCR 602-A): ① For an internal affairs investigation to be conducted into Hicks and the actions, which constitute the tort of intentional infliction of injury, unnecessary/excessive force and deliberate indifference in violation of my 8th Amend. right to be free from

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

☒ No, I have not attached any supporting documents. Reason: None exist.

REC BY OOA

JUL 24 2017

| Inmate/Parolee Signature: Ryan Madden | Date Submitted: 12-28-16 |
|---|---|

☐ **By placing my initials in this box, I waive my right to receive an interview.**

Note video completed 12/5/16
Is it evidence
Emailed Facility 1/9/17
COR-038-16-12-0757
Incident log #
AP # 16-087
COR-038-16-12-0757
NSO 1/9/17

**C. First Level - Staff Use Only**     Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No

This appeal has been:
☒ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
   Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
   Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
   See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name) Title: _____ Signature: _____ Date completed: _____
Reviewer: _____ (Print Name) Title: _____ Signature: _____
Date received by AC: _____

| | AC Use Only<br>Date mailed/delivered to appellant ____ / ____ / ____ |
|---|---|

Moseley Ex. 4 - 002

STATE OF CALIFORNIA
Case 1:18-cv-00255-ADA-BAM   Document 70-4   Filed 10/03/23   Page 41 of 50
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)
Side 2

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_____

_____

_____

_____

Inmate/Parolee Signature: _____     Date Submitted : _____

---

**E. Second Level - Staff Use Only**     Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  1/9/17
☒ Accepted at the Second Level of Review

Assigned to: HDSP     Title: _____     Date Assigned: MAY 17 2017     Date Due: 6/29/17

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: original cdc  2/19/17     Interview Location: FEELPHONE

Your appeal issue is: ☐ Granted ☒ Granted in Part ☐ Denied ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: ____ (Print Name)     Title: LT     Signature: _____     Date completed: 6/1/17

Reviewer: _____ (Print Name)     Title: CDWA     Signature: _____

Date received by AC: _____

**AC Use Only**
Date mailed/delivered to appellant  6/27/17

---

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

A proper investigation was obviously not done. I was slammed on my head after complying and cuffing up. I received substantial injury and I was video documented by staff. This was very simply an assault by a c/o with a temper and a history of doing such things,

Inmate/Parolee Signature: _____     Date Submitted: 7/14/17

---

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____ Date: _____
☒ Cancelled (See attached letter)  Date: OCT 11 2017
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____

See attached Third Level response.

**Third Level Use Only**
Date mailed/delivered to appellant ____/____/____

---

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

REC BY OOA

Inmate/Parolee Signature: _____     Date: _____

Staff Name: _____     Title: _____     Signature: _____     Date: JUL 24 2017

USE AS ORIGINAL

Moseley Ex. 4 - 003

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.

WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

Name (Last, First): Madden, Ryan

CDC Number: F-62530

Unit/Cell Number: 3A04-226

Assignment: —

A. Continuation of CDCR 602, Section A only (Explain your issue): saying "you're not getting anything," and calling "SD. Hicks ever. I was explaining my need for my meals when Hicks walked up, and I asked to speak with his supervisor (Sgt. or Lt.) in the hopes of getting help with medical staff. Hicks said, "okay, cuff up." I immediately complied with Hicks order and he placed me in handcuffs. Hicks then grabbed me and slammed me into the ground face-first, followed by him kneeing me in the head. With his knee pressing all of his body weight on my head, he dragged my face against the concrete, resulting in significant lacerations and bruising. I was then placed in a cage, where the Lt. (name unknown) told me to accept what happened and let the issue die, or things would go very bad for me. Out of fear, I agreed not to report Hicks. However, on or about 12-3-16 members of the IAC, who had witnessed Hicks beat me, reported the incident. Although I've NEVER been involved in a sex offense, after the beating was reported, Hicks and/or the Lt. who threatened me forged some document to make it look like I was a sex offender. On 12-4-16, from my cell I saw numerous inmates in a corner of the dayroom scanning a document, then many of them came to my cell calling me a "rapist" and "child molester". This was an obvious attempt to goad other inmates into assaulting me, and Hicks and/or the Lt. were the only staff with the motive and capability of falsifying such a record. On 12-5-16, as a result of the IAC report, a videotaped interview was conducted with me and I was placed in AD SEG pending investigation. My life is in danger as long as I'm housed where SO Hicks works.

Inmate/Parolee Signature: Ryan Madden

Date Submitted: 12-29-16

REC BY OOA

JUL 24 2017

NSC 1/9/17

B. Continuation of CDCR 602, Section B only (Action requested): cruel and unusual punishment; ② For SO. Hicks, and the Lt. who threatened me, to have adverse personnel action taken against them, up to and including the termination of their employment with the CDCR; ③ For this staff complaint to be placed in the personnel files of SO Hicks and the Lt., for a period of at least five years; ④ For monetary damages as compensation for illegal actions taken against me by SO Hicks and the Lt.; and ⑤ For all CDCR staff to refrain from subjecting me to additional unwarranted AD SEG placement, false disciplinary charges, any form of further excessive or unnecessary force, or any other form of retaliation for filing the instant grievance or any other reason.

Inmate/Parolee Signature: Ryan Madden

Date Submitted: 12-29-16

Moseley Ex. 4 - 004

USE AS ORIGINAL

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

REC BY OOA

JUL 24 2017

Inmate/Parolee Signature: _____ Date Submitted: _____

USE AS ORIGINAL

State of California
Department of Corrections and Rehabilitation

# Memorandum

Date :   June 1, 2017

To   :   Madden F62530
        C005-223U
        CSP-Lancaster

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # CSPC-3-17-00137** *SECOND* **LEVEL RESPONSE**

**APPEAL ISSUE**:  You allege on December 02, 2016, after being informed you did not have any medications prescribed to you; you asked to speak to a supervisor.  You claim Officer Hicks handcuffed you and suddenly slammed you face down on the pavement, dragging your face across the pavement causing severe injuries (lacerations).  You also allege Officer Hicks and the Lieutenant (E. Silva) fabricated a fake chrono stating you were a child molester and handed it out to the inmate population.  This caused you to have safety concerns on the facility, resulting in you being moved to Facility 3C.

**DETERMINATION OF ISSUE**:  A review of the allegations of staff misconduct presented in the written complaint has been completed.  Based upon this review your appeal is being processed as an Appeal Inquiry.

You were telephonically interviewed on February 19, 2017, by Lieutenant K.A. Dicks and you stated you had nothing to add that wasn't already in the 602.

### Your appeal is PARTIALLY GRANTED in that:

> ➢  The **Appeal inquiry** is complete/ has been reviewed and all issues were adequately addressed.

The following witnesses were questioned: Correctional Officers R. Billings and I. Medina.  Inmates Youngblood H60800 and Lovato H02221.

The following information was reviewed as a result of your allegations of staff misconduct: CDCR 837 Crime Incident Package Log # COR-03B-12-16-0757, all 837C's included in Crime Incident package, CDCR 7219 Medical Report of Injury, CDCR 3013 and 3014 interviews completed December 05, 2016.

Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

**Moseley Ex. 4 - 006**

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.

- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: K.A. DICKS _____ Sign: _____ Date: 06/01/17
Interviewer

Print: _____ Sign: _____ Date: 6/15/17
Reviewing Authority

Moseley Ex. 4 - 007

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME<br>Ryan Madden | INMATE/PAROLEE'S SIGNATURE<br>*[signature]* | CDC NUMBER<br>F-62530 | DATE SIGNED<br>12-29-16 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

Moseley Ex. 4 - 008

CDC 1824 (Rev. 9/98)

# EFFECTIVE COMMUNICATION DETERMINATION FOR FORMAL LEVEL
## CDC 602 INMATE/PAROLEE APPEAL

Inmate ___MADDEN___   CDC# ___F62530___   Appeal Log# CSC-3-17-00137

☒ Test of Adult Basic Education (TABE) <u>above</u> 4.0 (provide RGPL _12.9_ / verify
source if other than RGPL_____ )

☐ Test of Adult Basic Education (TABE) <u>below</u> 4.0 (provide RGPL ____)

☐ Learning Disability (LD)

☐ Non-English speaking

<u>* All first level responses must indicate whether inmate does or does not require
effective communication. If RGPL is 4.0 or below, first level responder must also
identify how Effective Communication was established within response.</u>

_____          _____          ___5/21/17___
Staff Signature                Title                  Date

___K.A. Dicks___
Print Name

## PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

Moseley Ex. 4 - 009

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*Wednesday, April 19, 2017*

*MADDEN, F62530*
*C  005 2223001U*

LEGAL, , 04/19/2017
Log Number: CSPC-4-17-01386
**(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.</u>)**

The enclosed documents are being returned to you for the following reasons:

**RO  Other**

*Your appeal is dated 03/01/2017.  You will be allowed to resubmit your original appeal Log# 17-137 only after you have removed appeal Log# 17-1386.  You must attach this CDCR 695 to your original appeal as proof you were allowed to resubmit.*

☐   M. Oliveira, CCII Appeals Coordinator
☐   M. Ledezma, AGPA
☐   D. Goree Jr, CCII
Appeals Coordinator
Corcoran State Prison

FORWARD TO LAC

4-27-17                   I am now in L.A.C + C-5 cell 223.

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

I've been instructed to attach this 695 to my original appeal, however, part of
the original problem was that I NEVER received the original copy of my original
appeal back. I only learned it had been cancelled through a response letter the
Warden sent my father regarding his inquiry. This is a copy of the original appeal that =

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and obtained
resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to from my
CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a counselor
separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if at Corcoran
the appeal on the cancellation is granted.
**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

**Moseley Ex. 4 - 010**

Department of Corrections and Rehabilitation

**INMATE APPEALS PROCESSING FORM**

**Name:** MADDEN, RYAN      **Number:** F62530      **Now At:** LAC

     **Institution Log No:** COR-17-00137

     **Date Accepted:** 07/24/2017    **Due Date:** 10/17/2017    **Date Closed:**

     **NATURE OF COMPLAINT:** STAFF COMPLAINTS

=================================================================
**NOTES:**

*(handwritten)* LEVELS AT LAC M 3-2-17  REVIEW 837 I~ ERR

=================================================================

[ ] **ACCESS TO MEDICAL FILES:** I hereby authorize access to my medical files
     by the assigned Appeals Examiner as necessary to investigate the issues
     which I am appealing in this case.

     Signed: _____    Date: _____

     Witness: _____    Date: _____

[ ] **REQUEST TO WITHDRAW APPEAL:** I request that this appeal be withdrawn
     from consideration at the Director level of review because:

_____

_____

_____

     Signed: _____    Date: _____

     Witness: _____    Date: _____

=================================================================
**REFERRAL: Appeals Examiner:**

     Inmate Interviewed:    YES ___   NO _X_

     Date Interviewed: _____

=================================================================
**OUTCOME:** 1. Granted      3. Denied      5. Withdrawn

          2. Granted In Part    (4.) Cancelled


Moseley Ex. 4 - 011

## Inmate Appeals Branch

# EXAMINER WORKSHEET

(Chronological Summary)

| Date / Time | Comments / Notes | EXAMINER Initials |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

IAB Examiner Worksheet.doc

Logged-In    Foldered    Reviewed    Closed    Other    Other

AL    AL