# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MADDEN, Successor-in-Interest to Ryan P. Madden, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>HICKS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00255-NODJ-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO OPPOSE, AND TO FILE A STAY OF BRIEFING ON, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 76)<br><br>ORDER EXTENDING DEADLINE FOR PLAINTIFFS TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR FILE MOTION TO COMPEL DISCOVERY RESPONSES<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

**I.      Introduction**

Plaintiff Michael Madden and Kathleen "Kathy" Madden ("Plaintiffs"), as Successors-in-Interest to Ryan P. Madden, are proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Hicks for excessive force and assault and battery claims, and against Defendants Silva and Hicks for California Bane Act and retaliation claims.

Pending before the Court is Defendants' motion for summary judgment on the grounds that Plaintiffs failed to exhaust administrative remedies, which is not yet fully briefed. (ECF No.

70.) Following an extension of time, Plaintiffs' opposition to Defendants' pending motion for summary judgment on the grounds that Plaintiffs failed to exhaust administrative remedies is currently due on or before December 6, 2023. (ECF No. 72.)

**II.     Plaintiffs' Motion for Extension of Time**

Currently before the Court is Plaintiff's second motion for extension of time to file an opposition to Defendants' motion for summary judgment, specifically to allow them to seek a stay of briefing pursuant to Federal Rule of Civil Procedure 56(d), filed December 4, 2023. (ECF No. 76.) Defendants have not had an opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In the motion, Plaintiffs contend that as *pro se* litigants with no formal legal education, their knowledge of the law is limited to the research conducted since becoming a party to this case. (ECF No. 76.) In studying the law on exhaustion, Plaintiffs identified the need for additional evidence in order to properly respond to Defendants' motion for summary judgment, without which it will be nearly impossible to adequately oppose their motion. Plaintiffs seek additional materials that are solely within the possession of Defendants. In particular, Plaintiffs seek emails from officials who were responsible for reviewing, processing, classifying, investigating, and/or responding to the appeals that Ryan P. Madden ("Ryan") submitted from 2016–2018. Despite requesting these materials from Defendants almost seven months ago, Defendants have still failed to produce them. (*Id.* at 3.)

In addition, Plaintiffs are in need of a copy of a certain appeal filed in 2017 by Ryan, along with CDCR's response to that appeal, Ryan's entire CDC-110 Incoming and Outgoing legal mail log maintained by CDCR from the relevant period, and inmate appeal tracking records for all appeals Ryan filed at the institutional level from 2016–2018. To this end, Plaintiffs served Defendant Hicks with a Second Set of Requests for Production of Documents on November 15, 2023, requesting the foregoing records. (*Id.* at 3.)

Due to the need for these additional materials, Plaintiffs are in the process of preparing a motion to stay briefing on Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). However, Plaintiffs will not be able to complete the motion prior to the

current deadline to oppose Defendants' motion.  Plaintiffs therefore request a thirty-day extension of time, up to and including January 3, 2024, to file an opposition to Defendants' motion, which will allow Plaintiffs to complete the Rule 56(d) motion and likely result in the Court vacating the current briefing deadlines on Defendants' motion.  (*Id.*)  Plaintiffs contacted defense counsel by email the day prior to filing the motion for extension of time, and did not receive a response.  (*Id.* at 4.)

Although characterized as a motion for extension of time to file an opposition to the motion for summary judgment in order to file a motion pursuant to Rule 56(d)—the Court finds it appropriate to construe the filing itself as a motion pursuant to Rule 56(d).  The motion is granted in part and denied in part, as discussed below.

**III.    Discussion**

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment.  *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Getz v. Boeing Co.*, 654 F.3d 852, 867–68 (9th Cir. 2011); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined *pro se* plaintiffs."  *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988).  Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim.  *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004).  "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment."

*Klingele*, 849 F.2d at 412; *see also Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" *Conkle*, 73 F.3d at 914 (quoting *Cal. Union Ins. Co. v. Amer. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)).

Pursuant to the Court's May 3, 2023 discovery and scheduling order and November 28, 2023 order granting Defendants' second motion to modify the discovery and scheduling order, fact-based discovery (not including discovery related to the issue of exhaustion) is stayed, and the discovery and dispositive motion deadlines are vacated. (ECF Nos. 60, 74.) Responses to written discovery requests related to the issue of exhaustion remain due forty-five (45) days after the requests are first served. (*See* ECF No. 60, p. 1.)

Following multiple extensions of time to serve responses to Plaintiff's discovery requests, Defendants' responses to Plaintiffs' First Sets of Requests for Production of Documents were due on or before September 15, 2023. (ECF No. 69.) In light of Plaintiffs' assertion that a Second Set of Requests for Production of Documents were served on Defendant Hicks on November 15, 2023, (ECF No. 76, p. 3), Defendant Hicks's responses to those requests, to the extent they are related to the issue of exhaustion, would be due on before January 2, 2024.

With respect to the materials sought by Plaintiffs' First Sets of Requests for Production of Documents, the request for relief under Rule 56(d) is denied, without prejudice. Although Plaintiffs timely requested such documents prior to the filing of Defendants' motion for summary judgment, Defendants responses were due on or before September 15, 2023. (ECF No. 69.) Defendants did not seek a further extension of this deadline, and Plaintiffs did not file a motion to compel responses or further responses as permitted by the Court's May 3, 2023 discovery and scheduling order. If Defendants did not timely serve their responses on Plaintiffs by September 15, 2023, Plaintiffs have provided no explanation for the failure to file a motion to compel nearly three months later. As such, Plaintiffs have not yet shown the required diligence in pursuing these discovery requests, such as by filing a motion to compel regarding these requests.

4

However, to the extent Plaintiffs' request an extension of time based on anticipated responses to Plaintiffs' Second Set of Requests for Production of Documents, the Court finds that relief under Rule 56(d) is appropriate.  Defendant Hicks's responses are not due until after the current deadline for Plaintiffs' opposition to the motion for summary judgment, it appears Plaintiffs served the discovery request as soon as they realized they were necessary, and it appears the specific documents at issue actually exist and could prevent summary judgment.

The Court therefore finds it appropriate to extend the deadline for Plaintiffs to file their opposition to Defendants' motion for summary judgment, either to allow time for the receipt of Defendant Hicks's responses to the Second Set of Requests for Production of Documents and the filing of Plaintiff's opposition based on the received discovery, or for the filing of any necessary motion(s) to compel regarding Plaintiff's outstanding discovery requests to both defendants. Finally, in light of defense counsel's upcoming leave from December 11, 2023 through January 7, 2024, the Court finds that an extension of forty-five days, rather than thirty, is appropriate under the circumstances and will not result in prejudice to Defendants.

**IV.     Conclusion and Order**

Having considered the moving papers, the Court finds that Plaintiffs have met the standard required to postpone consideration of Defendants' summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d), with respect to Plaintiffs' Second Set of Requests for Production of Documents to Defendant Hicks.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time to oppose, and to file a stay of briefing on, Defendants' motion for summary judgment, (ECF No. 76), is GRANTED IN PART and DENIED IN PART, as discussed above;
2. Within **forty-five (45) days** from the date of this order, Plaintiffs SHALL **either**:
    a. File an opposition to Defendants' motion for summary judgment; **or**
    b. File a motion to compel regarding any outstanding discovery requests that are related to the issue of exhaustion and are essential to justify Plaintiffs' opposition to Defendants' motion for summary judgment;

3. Defendants' reply in support of the motion for summary judgment, if any, is due within **fourteen (14) days** from the date of filing of Plaintiffs' opposition; and

4. **Plaintiffs' failure to file a response in compliance with this order will result in a recommendation of dismissal of this action for failure to prosecute and failure to obey a court order**.

IT IS SO ORDERED.

Dated: __December 7, 2023__            ___/s/ Barbara A. McAuliffe___
                                                        UNITED STATES MAGISTRATE JUDGE