# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MADDEN, Successor-in-Interest to Ryan P. Madden, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>HICKS, *et al.*,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-00255-KES-BAM (PC)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM DEFENDANTS** (ECF No. 80)<br><br>**ORDER RESETTING DEADLINE FOR PLAINTIFFS TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**THIRTY (30) DAY DEADLINE** |

**I.    Introduction**

Plaintiffs Michael Madden and Kathleen "Kathy" Madden ("Plaintiffs"), as Successors-in-Interest to Ryan P. Madden, are proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Hicks for excessive force and assault and battery claims, and against Defendants Silva and Hicks ("Defendants") for California Bane Act and retaliation claims.

On December 4, 2023, Defendants filed a motion for summary judgment on the grounds that Plaintiffs failed to exhaust administrative remedies.  (ECF No. 70.)  Following Plaintiffs' motion to stay briefing on Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d), the Court granted Plaintiffs an extension of time to either file an opposition to the motion for summary judgment or a motion to compel regarding any outstanding

1

discovery requests related to the issue of exhaustion and essential to justify Plaintiffs' opposition to the motion for summary judgment. (ECF No. 77.)

On February 23, 2024, Plaintiffs filed a motion to compel the production of documents from Defendants. (ECF No. 80.) Following an extension of time, Defendants filed an opposition on March 19, 2024. (ECF No. 84.) Following three extensions of time, Plaintiffs' reply was due on or before August 23, 2024. (ECF Nos. 86, 88, 90.) Plaintiffs have not filed a reply or otherwise communicated with the Court, and the extended deadline to file a reply has expired. The motion to compel is deemed submitted. Local Rule 230(l).

## II.     Plaintiffs' Motion to Compel

Plaintiffs move for an order compelling Defendants to produce materials responsive to Plaintiffs' First Set of Requests for Production of Documents, originally served on Defendants on May 16, 2023. (ECF No. 80.) At issue are Defendant Silva's response to Set One of Plaintiffs' Request for Production of Documents ("RFP"), Request No. 9, as well as Defendant Hicks' responses to Set One of Plaintiffs' RFPs, Requests Nos. 7–12 and 17. (*Id.* at 11.) Specifically, Plaintiffs seek emails from the accounts of Defendants, as well as from the accounts of six other current and/or former employees of the California Department of Corrections and Rehabilitation ("CDCR"), relevant to the question of former Plaintiff Ryan P. Madden's exhaustion of administrative remedies. Plaintiffs request that Defendants be compelled to immediately produce to them all emails from the relevant email accounts, which contain any of the following terms: (1) Madden; (2) F-62530; (3) F62530; (4) CSP-COR-17-00137; and/or (5) COR-03B-16-12-0757. (*Id.*)

In opposition, Defendants argue that Defendants fully and properly responded to Plaintiffs' First Set of Requests for Production of Documents, and Plaintiffs' motion to compel improperly modifies the original requests by reducing the time period to search for responsive documents and with fewer search terms. (ECF No. 84.) Plaintiffs did not propose these modifications to Defendants during discovery and are raising them for the first time in their motion to compel. (*Id.*)

///

### A. Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at

*2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

**B.    Discussion**

At issue are Defendant Silva's response to Set One of Plaintiffs' Request for Production of Documents ("RFP"), Request No. 9, as well as Defendant Hicks' responses to Set One of Plaintiffs' RFPs, Requests Nos. 7–12 and 17.[1]

RFP No. 9 (Silva) and RFP No. 7 (Hicks):

Please identify and produce any and all emails that you have sent and/or received, from December 1, 2016 through May 1, 2023, on you CDCR email account, which contain the following search terms: (1) Madden; (2) F-62530; and/or (3) F62530.

RFP No. 8 (Hicks)

Please identify and produce any and all emails from the CDCR email account of DAVE DAVEY (former Warden of CSP-COR), that were sent and/or received from January 1, 2015 through January 1, 2018, which contain any of the following search terms: (1) Madden; (2) D. Hicks; (3) Hicks; (4) E. Silva; (5) Silva; (6) F-62530; (7) F62530; (8) CSP-COR-17-00137; and/or (9) COR-03B-16-12-0757.

RFP No. 9 (Hicks)

Please identify and produce any and all emails from the CDCR email account of M. SEXTON (former Chief Deputy Warden of CSP-COR), that were sent and/or received from January 1, 2015 through January 1, 2018, which contain any one of the following search terms: (1) Madden; (2) D. Hicks; (3) Hicks; (4) E. Silva; (5) Silva; (6) F-62530; (7) F62530; (8) CSP-COR-17-00137; and/or (9) COR-03B-16-12-0757.

///

///

---

[1] As RFP No. 9 (Silva) and RFP No. 7 (Hicks) were identical, and Defendants provided nearly identical responses to all RFPs at issue in the motion to compel, for the sake of brevity the Court reproduces Plaintiffs' requests in consolidated form and Defendants' responses only once.

<u>RFP No. 10 (Hicks)</u>

Please identify and produce any and all emails from the CDCR email account of B. ODLE (former Associate Warden-Housing at CSP-COR), that were sent and/or received from January 1, 2015 through January 1, 2018, which contain any one of the following search terms: (1) Madden; (2) D. Hicks; (3) Hicks; (4) E. Silva; (5) Silva; (6) F-62530; (7) F62530; (8) CSP-COR-17-00137; and/or (9) COR-03B-16-12-0757.

<u>RFP No. 11 (Hicks)</u>

Please identify and produce any and all emails from the CDCR email account of M. L. OLIVEIRA (one time Correctional Counselor II and Appeals Coordinator at CSP-COR), that were sent and/or received from January 1, 2015 through January 1, 2018, which contain any one of the following search terms: (1) Madden; (2) D. Hicks; (3) Hicks; (4) E. Silva; (5) Silva; (6) F-62530; (7) F62530; (8) CSP-COR-17-00137; and/or (9) COR-03B-16-12-0757.

<u>RFP No. 12 (Hicks)</u>

Please identify and produce any and all emails from the CDCR email account of F. MUNOZ (Lieutenant at one time at CSP-COR), that were sent and/or received from January 1, 2015 through January 1, 2018, which contain any one of the following search terms: (1) Madden; (2) D. Hicks; (3) Hicks; (4) E. Silva; (5) Silva; (6) F-62530; (7) F62530; (8) CSP-COR-17-00137; and/or (9) COR-03B-16-12-0757.

<u>RFP No. 17 (Hicks)</u>

Please identify and produce any and all emails from the CDCR email account of C. GUTIERREZ (Correctional Officer at CSP-COR, responsible for conducting the investigation into the circumstances surrounding Ryan Madden's placement into administrative segregation on December 5, 2016), that were sent and/or received from January 1, 2015 through January 1, 2018, which contain any one of the following search terms: (1) Madden; (2) D. Hicks; (3) Hicks; (4) E. Silva; (5) Silva; (6) F-62530; (7) F62530; (8) CSP-COR-17-00137; and/or (9) COR-03B-16-12-0757.

///

///

<u>Response to RFP No. 9 (Silva) and RFP Nos. 7–12 and 17 (Hicks)</u>

Defendant objects to this request on the following grounds: (1) it is overbroad as to scope and time; (2) it is also overly burdensome because it seeks such a broad time frame and requests a search based on terms that may return a large number of unrelated and irrelevant documents that must be reviewed for responsiveness; (3) due to its over breath it requests documents that are subject to attorney client and attorney work product privileges; (4) it seeks documents that are irrelevant to any party's claim or defense and is not proportional to the needs of the case; and (5) it requests documents protected by the official-information privilege, confidentiality, and a right to privacy for parties and non-parties (Cal. Pen. Code §§ 832.7, 832.8; Cal. Civ. Code § 1798 et. seq; Cal Evid. Code §§ 1040, 1043; Cal. Gov. Code §§ 3300-3313, 6254; Cal. Code Regs. tit. 15, §§ 3321, 3370, 3450).  To the extent it request documents about related and unrelated confidential investigations and/or review, the disclosure of the requested information may jeopardize the safety and security of the institution, other inmates, and correctional staff if released.  To the extent it requests confidential investigations, it could also jeopardize the ability of staff to investigate those and future matters.

Without waiving these objections and expressly subject thereto, Defendant responds that after a reasonable search and diligent inquiry, Defendant has received approximately 36,000 emails that are potentially responsive to [RFP No. 9 (Silva) and RFP Nos. 7–12 and 17 (Hicks)]. Defendants are currently reviewing these documents for any potential confidential and/or privileged information, and will produce any responsive documents on a rolling basis after completing their review for privileged or confidential information.

<u>Ruling on RFP No. 9 (Silva) and RFP Nos. 7–12 and 17 (Hicks)</u>

Plaintiffs' requests are overly broad, unduly burdensome as to time, scope, and content, and not proportional to the needs of the case.  Despite Plaintiffs' attempts to provide additional search terms or to narrow the time frame of their requests, Plaintiffs may not modify their original requests for production using a motion to compel. *O'Connor v. Cal. Dep't of Corr. & Rehab*, Case No. 2:19-cv-0658 KJM KJN P, 2021 WL 4147106 at *6, (E.D. Cal. Sept. 13, 2021) (citing *Lopez v. Florez*, Case No. 1:08-cv-01975-LJO-JLT, 2013 WL 1151948 at *3 (E.D. Cal. Mar. 19,

2013)); *Harris v. Kernan*, Case No. 2:17-cv-0680 TLN KJN P, 2019 WL 3500515 at *3, n.3 (E.D. Cal. Aug. 1, 2019) (plaintiff cannot amend discovery request within motion to compel); *Hisle v. Conanon*, Case No. 1:17-cv-01400-LJO-SAB, 2018 WL 4444959 at *7 (E.D. Cal. Sept. 14, 2018) (plaintiff seeking to narrow discovery request must do so by way of new request, not motion to compel).

As propounded, Plaintiffs' provided search terms and time frame returned approximately 36,000 potentially responsive and non-duplicative documents, out of a total of 71,786 documents (including emails and any attachments). Defense counsel's initial review found that the search terms provided by Plaintiffs yielded thousands of irrelevant results, such as emails related to employees and inmates who shared the decedent's last name, or no results, such as emails containing the search term "CSP-COR-17-00137" relating to the administrative grievance process. Plaintiffs' argument that the requests are not burdensome in terms of scope because only a handful of search terms were provided, fails in light of the quantity of documents returned.

The Court cannot compel a party to produce documents that do not exist. Defendants stated that after a reasonable search and diligent inquiry, they received approximately 36,000 potentially responsive and non-duplicative documents, out of a total of 71,786 documents (including emails and any attachments), and after an initial review by counsel, they paused their review based on their reasonable belief that the remaining emails were either non-responsive, irrelevant, or only relevant for purposes of merits-based fact discovery. In responding to Plaintiffs' motion to compel, Defendants acted in good faith by re-reviewing the documents using additional search terms not proposed by Plaintiffs and again found no emails related to the exhaustion issue. While Plaintiffs may believe that there are relevant documents contained in the 36,000 emails, in the absence of legal or fact-based substantive deficiencies, they are required to accept the response provided. Mere distrust and suspicion regarding discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient. In the absence of evidence to the contrary, which has not been presented here, Plaintiffs are required to accept Defendants' response that no responsive documents exist. *See Mootry v. Flores*, 2014 WL 3587839, *2 (E.D. Cal. 2014).

7

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). *See also* Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiffs. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

Finally, in light of the breadth of Plaintiffs' requests and Defendants' assertion that despite engaging in a diligent and reasonable search for any responsive information, no responsive documents were located, the Court finds it unnecessary to address Defendants' assertions of attorney-client and official information privileges. Plaintiffs' motion to compel is denied.[2]

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motion to compel, (ECF No. 80), is DENIED; and
2. Within **thirty (30) days** from the date of service of this order, Plaintiffs shall file an opposition or statement of non-opposition to Defendants' October 3, 2023 motion for summary judgment, (ECF No. 70).

IT IS SO ORDERED.

Dated: **November 19, 2024**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

---

[2] The instant order does not preclude Plaintiffs from renewing any requests for production (or related motions to compel) related to the merits of this action, as necessary and appropriate, following resolution of Defendants' motion for summary judgment on the issue of exhaustion.